[No. 7,964.  In Bank.—January 12, 1885.]

# IN THE MATTER OF THE ESTATE OF ELIZABETH NEISTRATH, DECEASED.

WILL—LEGACIES—PAYMENT OF—PREFERENCE BETWEEN.—Property specifically devised or bequeathed cannot be charged with the payment of general legacies.

APPEAL from an order of the Superior Court of San Joaquin County refusing distribution of an estate.

The testatrix died on December 11, 1879.  Subsequently, her will, and a codicil thereto, were admitted to probate.  The will directed the payment to certain legatees of general pecuniary legacies aggregating $10,500, and disposed of the residue of the estate to the same parties in certain proportions.  By the codicil, certain personal property, of the value of $527, and certain real estate were specifically bequeathed and devised to the appellants.  It appearing upon final settlement of the estate that there was but $4,873.90 subject to distribution among the general pecuniary legatees, the court ordered that the property specifically devised and bequeathed should be resorted to for the payment of their legacies.  The further facts are sufficiently stated in the opinion of the court.

*D. S. & S. L. Terry, F. T. Baldwin,* and *August Muenter,* for Appellants.

*Byers & Elliott,* for Respondent.

MYRICK, J.—The question involved in this appeal is whether, under the law of this State, general pecuniary legacies shall be paid in preference to specific devises or specific legacies.

It is claimed by the appellant that the legislature casually omitted the word "not," in subdivision 4 of section 1360, Civil Code, and that the legislature intended to declare that property *not* specifically devised or bequeathed shall be resorted to for the payment of legacies. In comparing this section with others, there would seem to be ground for the contention; yet it may have been that the legislature intentionally inserted the word "not" in subdivision 4 of section 1359, regarding the order in which property is to be taken for the payment of debts, and intentionally omitted the word in the section relating to the payment of legacies. We do not think the above sections alone furnished the rule by which the present question should be decided. By section 1357, C. C., legacies are divided into five distinct classes, viz: specific, demonstrative, annuities, residuary, and general. Section 1362 declares that abatement takes place in any class only as between legacies of that class, unless a different intention is expressed in the will. "Abatement" is thus defined in Bouvier's Law Dictionary:

" The reduction of a legacy, general or specific, on account of the insufficiency of the estate of the testator to pay his debts and legacies. When the estate of a testator is insufficient to pay both debts and legacies, it is the rule that the general legacies must abate proportionably to an amount sufficient to pay the debts. If the general legacies are exhausted before the debts are paid, then, and not till then, the specific legacies abate, and proportionably." (2 Sharswood's Black. Com. 513, and note; Bacon, Abr. Leg. H.; Roper, Leg. 253, 284; 2 Brown, Ch. 19; 2 P. Will, Ch. 283.)

Reading the sections of the code above referred to, it may very properly be supposed that the legislature intended to say, that property specifically devised or bequeathed may be resorted to for the payment of legacies; but it can be resorted to only when abatement takes place, and abatement takes place only for the purpose of equalizing legacies of a class, and not for the purpose of equalizing all legacies of every kind. A strict construction of section 1360, according to the contention of the respondents, would result in making a general pecuniary legacy have preference over a specific legacy; for as, according to that contention, property specifically bequeathed may be taken to

pay a general legacy, and, as in the case of a general pecuniary legacy, there is no definite fund out of which it shall be paid, and therefore no property specifically named, and therefore no property upon which section 1360 would operate, property specifically bequeathed may be resorted to, to pay a general legacy, but the general fund cannot be resorted to, to make good a specific legacy. Section 1357 expressly declared that if a specific legacy fails, resort cannot be had to other property. It can hardly be supposed that the legislature, after giving the right to make specific legacies and bequests, would practically take away the right by subjecting the property so given to the payment of general legacies. Section 1360 declares that the property of a testator, except as otherwise provided, must be resorted to for the payment of legacies. We think, as to the question now before us, it is otherwise provided.

We think the court erred in holding that specific devises and specific legacies should be chargable for the payment of general legacies.

Order reversed, and cause remanded for proceedings not inconsistent with the views herein expressed.

THORNTON, J., SHARPSTEIN, J., McKINSTRY, J., and MORRISON, C. J., concurred.