[No. 7,988. In Bank.—January 13, 1885.]

CITY OF MARYSVILLE, RESPONDENT, v. NORTH BLOOMFIELD GRAVEL MINING COMPANY ET AL., APPELLANTS.

PLACE OF TRIAL—NUISANCE.—An action to abate a nuisance which causes injury to real property must be tried in the county where the property injured by the nuisance is situated, subject to the power of the court to change the place of trial; and whether the change should be made depends upon the facts of the case.

APPEAL from an order of the Superior Court of the county of Yuba, refusing to change the place of trial of the action.

The facts appear in the opinion of the court.

*W. C. Belcher, J. K. Byrne, S. M. Wilson,* and *W. T. Wallace,* for Appellants.

*Ed. A. Belcher,* and *J. H. Craddock,* for Respondent.

The COURT.—This action was brought to abate a nuisance, which it was alleged was causing injury to real property in the county of Yuba, where the action was commenced and is still pending. An action for injuries to real property must be tried in the county in which the subject of the action or some part thereof is situated, subject to the power of the court to change the place of trial as provided in the code. (C. C. P., § 392.)

Being an action "for injuries to real property," it is not within the class of cases which "*must* be tried in the county in which the defendants, or some of them, reside at the commencement of the action."

Whether it should be tried in that county was a question to be determined upon facts presented to the court below, and unless the decision was unwarranted by the facts, it ought not to be reversed. We think the decision was justified by the facts.

Order affirmed.