[No. 12416.   Department One.—September 3, 1889.]

F. R. DRINKHOUSE, APPELLANT, v. SPRING VALLEY WATER WORKS, RESPONDENT.

PLACE OF TRIAL — RESTRAINING THREATENED INJURY TO LAND. — An action to restrain a threatened injury to real estate is an action for "an injury to real property," within the meaning of subdivision 1 of section 392 of the Code of Civil Procedure, and must be tried in the county where the real estate is situated.

APPEAL from an order of the Superior Court of the city and county of San Francisco changing the place of trial.

The facts are stated in the opinion of the court.

*Ben Morgan,* and *A. Ruef,* for Appellant.

*Kellogg & King, William F. Herrin,* and *Charles N. Fox,* for Respondent.

The transfer was proper. (*Marysville* v. *N. B. G. M. Co.,* 66 Cal. 343; *Franklin* v. *Dutton,* 79 Cal. 605; *Lower K. R. W. Co.* v. *K. R. & F. Co.,* 60 Cal. 408.)

BEATTY, C. J.—This is a suit to enjoin the defendant from building a dam, which plaintiff alleges defendant has commenced and is now constructing, and asserts its intention of completing, and which, it is alleged, will, when completed, permanently flood a certain tract of land in San Mateo County in which plaintiff has a leasehold estate.

The action was commenced in San Francisco, and in due time the defendant moved to transfer the cause for trial to the county of San Mateo, on the ground that the proper place for the trial thereof was in the county in which the real property subject to the threatened injury was situated. The superior court granted the motion, and this appeal is from the order transferring the cause.

The only question presented for our consideration is, whether this is an action for injury to real property, within the meaning of subdivision 1 of section 392 of the Code of Civil Procedure. If it is, the county of San Mateo is the proper place of trial, and the order of the superior court was correct.

That the sole object and purpose of the action is to prevent a threatened injury to real property is clear; but the appellant contends that section 392 only comprehends actions for damages for injuries past and completed.

We see no reason in the language of the statute, or in the policy it was intended to conserve, for making this distinction or limiting its operation to one class of actions

for injuries to real property. The injury is the same, whether threatened or completed, and the privilege accorded to the plaintiff to prevent the injury by injunction ought not to be held to give him the right to have the trial in a county where the cause would not have been triable if he had waited the completion of the injury before seeking redress.

Order affirmed.

WORKS, J., and PATERSON, J., concurred.