## MILLER & LUX v. KERN COUNTY LAND COMPANY.*

### S. F. No. 1766; May 29, 1901.

#### 65 Pac. 312.

**Venue—Change—Corporations—Injuries to Realty.**—Code of Civil Procedure, section 392, provides that actions for injuries to real property must be tried in the county in which the subject of the action is situated. Constitution, article 12, section 16, provides that a corporation may be sued in the county where the liability arises or the breach occurs, or in the county where it has its principal place of business. Action was brought against a corporation for injuries to real estate in the county where it had its principal place of business, which was other than that in which the land was situated. Held, that the provision of the constitution did not affect the code provision, and hence refusal to grant defendant's motion for a change of venue to the latter county was error.

APPEAL from the Superior Court, City and County of San Francisco; Edward A. Belcher, Judge.

Action by Miller & Lux (a corporation) against the Kern County Land Company (a corporation). From an appeal denying a motion for a change of venue defendant appeals. Reversed.

Page, McCutchen & Eells, for appellant; Houghton & Houghton and E. B. & Geo. H. Mastick for respondent.

GRAY, C.—It appears from the complaint herein that both the parties to the suit are corporations having their principal places of business in the city and county of San Francisco. The action was brought in said city and county to recover $25,000 on account of injuries to real estate situated in the county of Kern. It is alleged in the complaint that the plaintiff owns certain lands and an interest in the Buena Vista reservoir, which lands and reservoir are situated in said county of Kern; also that said plaintiff owns an interest in a certain ditch leading out of said reservoir and across said lands; and that defendant, with force and arms, and unlawfully and against the will of plaintiff, placed and maintained a dam in said ditch, thereby preventing the use thereof for

---

*For subsequent opinion in bank, see 134 Cal. 586, 66 Pac. 856.

the purpose of irrigating plaintiff's said land, to the damage of plaintiff in the said sum of $25,000. Defendant made demand and motion for a change of venue to Kern county, on the sole ground that, the action being for damages to real property, the case should be tried in the county where the property was situated. We think this motion should have been granted. Section 392 of the Code of Civil Procedure provides that "actions for the following causes must be tried in the county in which the subject of the action, or some part thereof, is situated, subject to the power of the court to change the place of trial as provided in this code: (1) For the recovery of real property, or of an estate or interest therein, or for the determination, in any form, of such right or interest, and for injuries to real property." It will be seen that the section is mandatory by its terms and unless it is controlled by, or is in conflict with, some provision of the constitution, the action "must be tried" in the county where the property is situated. Section 16, article 12, of the con-stitution, provides that "a corporation or association may be sued in the county where the contract is made or is to be per-formed, or where the obligation or liability arises, or the breach occurs; or in the county where the principal place of business of such corporation is situated, subject to the power of the court to change the place of trial, as in other cases." This provision of the constitution does not affect the code provision quoted. It relates to a different subject, and is not necessarily inconsistent with said code provision. The con-stitutional provision does not in express terms refer to ac-tions for injuries to real estate or to actions concerning real estate. We cannot be permitted to infer that it was meant to include injuries to real estate in its provisions because it uses the phrase, "or where the obligation or liability arises"; for to indulge in such an inference would make it include actions for the enforcement of liens on real estate, to quiet title, etc., and render it inconsistent with section 5, article 6. It cannot be successfully contended that the two sections of the constitution referred to are not in harmony (Fresno Nat. Bank v. Superior Court of San Joaquin Co., 83 Cal. 491, 24 Pac. 157); and the same rule that would harmonize these provisions of the constitution, and give effect to both, would also harmonize the code provision with the quoted section of the constitution. In Griffin & Skelly Co. v. Magnolia &

Healdsburg Fruit Canning Co., 107 Cal. 378, 40 Pac. 495, the court, in speaking of section 16 of article 12 of the constitution, says: "This provision of the constitution is merely permissive to the plaintiff (Fresno Nat. Bank v. Superior Court of San Joaquin Co., 83 Cal. 491, 24 Pac. 157); and the provision therein that the court may 'change the place of trial, as in other cases,' indicates that it is no more controlling upon the action of the court than if it were a mere statutory enactment. Being a provision of the constitution, the legislature cannot deprive the plaintiff of the privilege which it confers, but he has not thereby received any greater privilege than if the same provision had been made by statute. In either case it is only a rule of procedure, to be acted upon by the court in connection with other rules of procedure."

The very question here involved has been determined in Drinkhouse v. Spring Valley Waterworks, 80 Cal. 308, 22 Pac. 252. As shown by the complaint in that action, the defendant had its principal place of business in the city and county of San Francisco, where the action was begun for injury to real estate situated in San Mateo county. The defendant moved to change the venue to San Mateo county, the motion was granted, and this court affirmed the order. It is true that no provision of the constitution is referred to in the opinion or cited in the briefs; but section 392 of the Code of Civil Procedure is referred to, and it is directly held that under that section the proper place for the trial of an action for injury to real property is in the county where such real property is situated. We should not presume that the court and counsel overlooked a provision of the constitution, but rather that they had it in mind, and saw no inconsistency between it and the code provision: Fresno Nat. Bank v. Superior Court of San Joaquin Co., supra. For the foregoing reasons, we advise that the order be reversed.

We concur: Cooper, C.; Haynes, C.

PER CURIAM.—For the reasons given in the foregoing opinion the order is reversed.