[Sac. No. 1483. Department Two.—August 16, 1906.]

## In the Matter of the Estate of GUISSEPPI RATTO, Deceased.

ESTATES OF DECEASED PERSONS—LEGACY PAYABLE GENERALLY—SALE OF REAL PROPERTY DEVISED TO RESIDUARY LEGATEES. — Where it appears that all of the personal property of a deceased testator has been exhausted by the expenses of administration, and there is no property undisposed of by the will, a legacy which is unconditional and payable generally must be paid out of real property devised generally to residuary legatees, under section 1360 of the Civil Code, rather than that which is specifically devised, and the legatee is entitled to a sale of so much of such real property as will pay the legacy.

ID.—CONSTRUCTION OF WILL—GENERAL DEVISE—CLAUSE AS TO PAYMENT ·OF LEGACIES.—A devise and bequest to five sons named, share and share alike, of "the remaining one half of all the real property acquired and possessed by me after my marriage, and all the rest, residue and remainder of the personal property of which I may die possessed after payment of the legacies provided for in clause marked 'secondly' of this will," contains a general and not

a specific devise of real estate; and the clause "after payment of the legacies" is to be construed not only with the second clause of the will, which contains no specific mode of payment, but also in connection with both of the preceding clauses of the residuary devise and bequest, including such real estate.

ID.—HOMESTEAD—STIPULATION.—The fact that some of the real property was set apart to the widow and minor children as a homestead, incidentally appearing, need not be considered when the transcript contains an express stipulation "that the only question involved in this proceeding is the question as to whether or not, under the terms of the will of decedent, any of the real property in this estate is chargeable with the payment of the legacy herein involved."

APPEAL from an order of the Superior Court of San Joaquin County refusing to direct the sale of real estate to pay a legacy. W. B. Nutter, Judge.

The facts are stated in the opinion of the court.

C. W. Miller, for Appellant.

Buck & Middlecoff, for Respondents.

A. V. Scanlan, for Minor Children of Deceased.

McFARLAND, J.—This is an appeal by Giambatista Ratto, guardian of Antonio Ratto, a minor, from an order of the superior court refusing to make an order directing the sale of real property of the estate of said deceased to pay a legacy to said minor.

Guisseppi Ratto died leaving a will. By the first paragraph of the will the testator directs the payment of his funeral expenses, etc.; by the second paragraph he gives to his four daughters, naming them, and to his grandson, said Antonio Ratto, "each the sum of $200"; by the third paragraph he gives to his five sons, naming them, a certain described piece of land containing about seventeen acres, which he owned at the time of his marriage, and was therefore his separate property; by the fourth paragraph he gives to his wife, Angela Ratto, "one half of all the remaining real property now held by me, which said real property was acquired and possessed by me after my marriage with my present wife, said Angela Ratto, and to which one half she

is legally entitled under the laws of the state of California."
And the fifth paragraph, which is the one mostly discussed
by counsel, is as follows:—

"Fifthly. I give and bequeath to my five sons, John
Batista Ratto, Joseph Ratto, Benedicto Ratto, Antonio Ratto
and Peter Ratto, share and share alike, the remaining one
half of all the real property acquired and possessed by me
after my marriage to my present wife, Angela Ratto, and all
the rest, residue and remainder of the personal property of
which I may die possessed, after the payment of the legacies
provided for in clause above marked 'secondly' of this will."

It appears that all the personal property of the estate has
been exhausted by the payment of the expenses of adminis-
tration, family allowance, etc., and that there is no personal
property out of which the said legacy to Antonio Ratto can
be satisfied; and respondents contend, and the court below
held, that the legacy must fail because under the will it was
to be a charge on the personal property alone. We see no
such provision in the will. Certainly the second clause, in
which the legacy is given, does not provide that some par-
ticular property or fund must be resorted to for its payment;
it is general and unconditioned. Nor does the fifth clause
direct that it should be a charge only upon the personal
property, and there is no other provision in the will on the
subject. Therefore, leaving out of view for the present any
intent of the testator as expressed in the will, the general
rule on the subject would prevail, which is, as stated in
section 1360 of the Civil Code, that the property of a testator
must be resorted to for the payment of legacies in the follow-
ing order: "1. The property which is expressly appropri-
ated by the will for the payment of legacies; 2. Property not
disposed of by the will; 3. Property which is devised or
bequeathed to a residuary legatee; 4. Property which is spe-
cifically devised or bequeathed." In the *Estate of Neistrath,*
66 Cal. 330, [5 Pac. 507], the court leaves it somewhat doubt-
ful whether by said section 1360 the legislature intended to
subject specific devises to the payment of general legacies;
but we need not consider that question here, for the only
specific devise to appellants is of the seventeen-acre tract men-
tioned in the third paragraph of the will. The clause in the
fifth paragraph in the testator's will, "the remaining one half

of all the real property acquired and possessed by me after my marriage," contains no description of the property devised, and is clearly general and not specific. Moreover, taking the whole will together, the clear intent of the testator was that the very first gift which he makes, in the second paragraph, to his daughters and grandson of two hundred dollars each, should not be chargeable upon any particular fund or property; and in view of this clear intent the words in paragraph fifth, "after the payment of the legacies provided for in clause secondly of this will," should be construed as qualifying both the preceding clauses, and is easily susceptible of that construction. And therefore appellants are entitled to whatever residue there shall be of both the "remaining one half of the real property acquired," etc., and of the personal property, after the satisfaction of the legacies.

We do not consider the fact incidentally appearing in the transcript that some of the real property was set apart to the widow and minor children as a homestead; for the transcript contains an express stipulation "that the only question involved in this proceeding is the question as to whether or not, under the terms of the will of decedent, any of the real property in this estate is chargeable with the payment of the legacy herein involved."

The order appealed from is reversed, with directions to the court below to order sold so much of the real property of the estate devised to appellants, other than the seventeen-acre tract, as may be necessary to satisfy the legacy of two hundred dollars to Antonio Ratto.

Henshaw, J., and Lorigan, J., concurred.