[Civ. No. 521.     Third Appellate District.—November 11, 1908.]

## LAS ANIMAS AND SAN JOAQUIN LAND COMPANY, Respondent, v. L. J. FATJO et al., Appellants.

Venue—Local Action — Negligent Destruction of Plaintiff's Buildings by Fire.—An action to recover damages to plaintiff's land by the destruction of a house and barn situated thereon by fire negligently started on the land of the defendants, which spread to plaintiff's land, causing the injury thereto, is a local action "for injuries to real property" within the meaning of section 392 of the Code of Civil Procedure, to be tried in the county where the land injured is situated; and the defendants have no right, under section 395 of that code, to have such action removed for trial to the county of their residence.

Id.—Real Property—Presumption as to Buildings.—Buildings on land, such as a house and barn, are presumed, as a matter of common knowledge, to be permanently resting upon the land, and to be part thereof, under sections 658 and 660 of the Civil Code.

Id.—Sufficiency of Complaint.—Where the complaint for injury negligently caused by fire in the destruction of plaintiff's house and barn alleges that plaintiff is the owner and in possession of a tract of land, describing it, "together with a house and barn and other improvements thereon," it sufficiently averred, at least by inference, that the buildings were a part of the land; and the defendants are sufficiently accused of having destroyed part of plaintiff's land, to his damage in the sum specified.

Id.—Removal of Buildings—Action not Transitory.—Since the damages could only be incurred on the land where the buildings were situated, without any physical removal of the buildings therefrom, the removal of the buildings from the land by fire could not render the action transitory.

ID.—TRESPASS—CASE—NATURE OF ACTION IMMATERIAL.—It is immaterial whether the nature of the action at common law be considered as trespass or case, no statute of limitations being involved. The act of the defendants in burning the property may not imply any actual physical invasion of plaintiff's land; but it is sufficient, to make the action local, that defendants clearly did cause injury thereto.

APPEAL from an order of the Superior Court of Merced County, refusing to change the place of trial of an action. E. N. Rector, Judge.

The facts are stated in the opinion of the court.

Sullivan & Sullivan, and Theo. J. Roche, for Appellants.

Edward F. Treadwell, and F. G. Ostrander, for Respondent.

BURNETT, J.—This is an appeal from an order denying a motion for a change of the place of trial from Merced county to the city and county of San Francisco.

The motion was made upon the ground that the said city and county is the place of residence of defendants.

The order is sought to be upheld for the reason that the action is local in its nature, relating to an injury to real property situated in said Merced county.

The question is to be determined by a consideration of the framework of the complaint and of sections 392 and 395 of the Code of Civil Procedure. The former section, as far as material here, is as follows: "Actions for the following causes must be tried in the county in which the subject of the action, or some part thereof, is situated, subject to the power of the court to change the place of trial as provided in this code: 1. For the recovery of real property, or of an estate or interest therein or for the determination, in any form, of such right or interest, and *for injuries to real property."*

The latter section provides that "In all other cases, the action must be tried in the county in which the defendants or some of them reside at the commencement of the action."

It is obvious, therefore, that the general rule is, as contended for by appellants, that the action must be tried in the county wherein resides the defendant, and the burden is upon him claiming otherwise to show that the case is within the ex-

ception. This the complaint clearly discloses, so it is affirmed by respondent and denied by appellants.

The gravamen of the charge against defendants is contained in the fourth paragraph of the first count of the complaint as follows: "That on or about the 20th day of June, 1907, said defendants carelessly and negligently set out a fire on the property so owned by them . . . in the County of Merced and said fire so negligently and carelessly set out by said defendants spread from the land so owned by defendants on to the land so owned by plaintiff and then and there burned and destroyed a house and barn upon said land and owned by plaintiff, to the damage of plaintiff in the sum of fifteen hundred dollars." The complaint contains two other counts, but they vary simply in the method of alleging the negligence of defendants in relation to the fire. The purpose of this was to bring the case within different statutory provisions upon the subject which we deem unnecessary to the discussion. It is clear, then, that the action is for damages caused by the destruction by fire of a house and barn belonging to plaintiff and located on his land.

The first inquiry is: Are the house and barn real property? The answer is found in the statutes. Section 658 of the Civil Code provides that "Real or immovable property consists of: 1. Land. 2. That which is affixed to land. 3. That which is incidental or appurtenant to land. 4. That which is immovable by law," and section 660 defines fixtures as follows: "A thing is deemed to be affixed to land when it is attached to it by roots, as in the case of trees, vines, or shrubs; or imbedded in it, as in the case of walls; or permanently resting upon it, as in the case of buildings; or permanently attached to what is thus permanent, as by means of cement, plaster, nails, bolts or screws."

The house and barn were buildings, and, while not expressly alleged, we must assume, what is usual and a matter of common knowledge, that they were permanently resting upon the soil. In *Commercial Bank* v. *Pritchard*, 126 Cal. 605, [59 Pac. 132], it is said: "In this case there is nothing to show that the building and concrete foundation did not rest upon the land and it will be presumed that it did and hence under the definition given it is real estate."

Again, plaintiff alleged that it was the owner and in possession of a certain parcel of land, describing it, "together with a house and barn and other improvements thereon." It, therefore, at least inferentially, averred that the buildings were a part of the land. We have a case, then, where the defendants are accused of having destroyed a part of plaintiff's land to its damage in the sum of $1,500. If the destruction of a part of real property, thereby damaging the owner, is not an injury to real property, then it is impossible to conceive of such a contingency. The cause of action arises from this injury, the purpose of the suit is to redress it, and it necessarily follows, if effect is to be given to the legislative will, that the trial must take place where the land is located, that is, in Merced county.

We are not without instructive suggestions on this subject from our supreme court. In *Lower Kings River etc. Co.* v. *Kings River etc. Co.*, 60 Cal. 408, it is held, as stated in the syllabus: "The right of the plaintiff, as stated in the complaint, to have the water flow in the river to the head of its ditch is an incorporeal hereditament appurtenant to the ditch, and is co-extensive with plaintiff's right to the ditch itself. The subject of the action is, therefore, situated in both counties and the action might have been brought in either." The action was for the diversion of water from the said ditch.

In *City of Marysville* v. *North Bloomfield G. M. Co.*, 66 Cal. 343, [5 Pac. 507], the action was brought to abate a nuisance which it was alleged was produced by defendants in causing the tailings and debris from their mining claims to be deposited on the lands of plaintiff. The court said: "Being an action 'for injuries to real property' it is not within the class of cases which 'must be tried in the county in which the defendants, or some of them, reside at the commencement of the action.'"

*Drinkhouse* v. *Spring Valley Water Works*, 80 Cal. 308, [22 Pac. 252], was a suit "to enjoin the defendant from building a dam, which plaintiff alleges defendant has commenced and is now constructing and asserts its intention of completing, and which, it is alleged, will, when completed, permanently flood a certain tract of land in San Mateo county in which plaintiff has a leasehold estate." It was held that the action

9 Cal. App.—21

was for an injury to real property and triable in the county where the land was situated.

It is said by the court, through Chief Justice Beatty: "That the sole object and purpose of the action is to prevent a threatened injury to real property is clear," and it is further held that there is no distinction in this respect between an action to prevent an injury to the realty and one for damages in consequence of an injury already consummated. The language is: "The injury is the same, whether threatened or completed, and the privilege accorded to the plaintiff to prevent the injury by injunction ought not to be held to give him the right to have the trial in a county where the cause would not have been triable if he had waited the completion of the injury before seeking redress." To the same effect is *Last Chance etc. Co.* v. *Emigrant Ditch Co.,* 129 Cal. 277, [61 Pac. 960].

But appellants contend that "an action to recover the value of the buildings burned and destroyed through defendants' negligence in handling the fire on their own land is not an action for trespass upon real property," and quite a number of cases are cited in support of the position, among which are *Phoenix Ins. Co.* v. *Pacific Lumber Co.,* 1 Cal. App. 156, [81 Pac. 976] ; *Hicks* v. *Drew,* 117 Cal. 305, [49 Pac. 189] ; *Daneri* v. *Southern Cal. Ry. Co.,* 122 Cal. 507, [55 Pac. 243], and *Booker* v. *Aitken,* 140 Cal. 472, [74 Pac. 11]. In this connection it is urged that we must resort to the common law to ascertain the technical meaning of "trespass." It is true that in the Hicks case, *supra,* it is said that "While in this state all distinctions between common-law actions are abolished as relating to the procedure, yet it is plain that we are bound to consult the common law, and the classification of common-law actions, for the proper determination as to what the law-making power of this state had in mind when using the phrase 'trespass upon real property.' "

But it is clear that the Hicks case and the others cited have no application here, as the court was dealing with an entirely different section of the code and altogether different facts. It might be proper to resort to the common law to determine the meaning of the term "trespass," but it is hard to understand why we should go to such a source to find out what the legislature meant by "an injury to real property."

It is unimportant whether this action is trespass or on the case as known at the common law, since no question of the statute of limitations is involved.   The act of the defendants in burning the property may not imply an actual physical invasion of plaintiff's land, but it is too clear for argument that said act did injure the land.

Some other cases are cited by appellant to the effect that where fixtures are severed from the land, asported and converted or destroyed, the action for damages is not local but personal.   For instance, in *McGonigle* v. *Atchison,* 33 Kan. 726, [7 Pac. 550], the supreme court of Kansas held, as stated in the syllabus, that "Where a mere wrongdoer enters upon land in the State of Missouri and severs sand therefrom, and transports it to Kansas, and there converts it to his own use, the sand remains the property of the owner of the land up to the time of conversion, and he may afterward recover from the wrongdoer the value of the sand in an action brought in Kansas, such action being transitory."

But, as pointed out by respondent, that case and the others cited are entirely dissimilar to this, because here the buildings were not severed or removed and afterward converted, but the damage was done to the property while a part of the realty. Such damage could only be incurred on the land and the action is therefore local.

All of appellants' points and authorities have been examined with care, but it is deemed unnecessary to pursue the discussion further.

The order is affirmed.

Chipman, P. J., and Hart, J., concurred.