JUAN CERVONI MASSARI ET AL., Plaintiffs and Appellees, v. WEST INDIA OIL COMPANY, Defendant and Appellant.

No. 5665. Argued February 16, 1932.—Decided February 26, 1932.

 

*J. Carbia Miranda* for appellant.　*Víctor M. Pons Gil* for appellees.

Mr. Chief Justice Del Toro delivered the opinion of the Court.

Juan, Angela, Carmen, Elmira, and Eduardo Cervoni brought suit for an injunction in the District Court of Guayama against the West India Oil Company. It was alleged in the complaint that defendant, a corporation organized under the laws of New Jersey and authorized to do business in Puerto Rico, with its principal office in San Juan, keeps great quantities of inflammable products for wholesale stored in a shed at No. 136 Morse Street, Arroyo; that the shed in question is unsafe and is located in the center of the town, in due proximity to three houses belonging to the plaintiffs, one of whom lives with his family in one of said houses.

It was further alleged in the complaint that the storage of such products in the conditions mentioned constitutes a grave and imminent danger of explosion and fire that would cause irreparable injury, such as loss of health and life, to the residents of Arroyo and specially to the plaintiffs, such danger also depreciating in value the properties of the plaintiffs, who are kept in a constant state of nervousness and unhappiness.

The complaint concluded demanding judgment "holding the warehouse of the defendant corporation to be a public and private nuisance, that is, a mixed nuisance, and enjoining defendant corporation from using the house at No. 136 Morse Street, Arroyo, Puerto Rico, and the shed built on the yard thereof for the storage or deposit of gasoline, kerosene, or any other product highly inflammable or of a similar character with costs against the defendant."

The defendant, after being summoned entered a special appearance for the purpose of moving for a change of venue to the District Court of San Juan on the ground that its

principal office is in San Juan, and relied on section 81 of the Code of Civil Procedure and the jurisprudence laid down in the case of *Arcelay* v. *American Railroad Co.*, 38 P.R.R. 723.

The district court denied the transfer, and in its opinion filed it said, in part:

"As may be clearly seen from the complaint, the present action is one for the abatement of a nuisance, but no allegation is made that the real property of the plaintiffs has been actually injured.

"Section 75 of our Code of Civil Procedure, equivalent to section 392 of the California Code, provides as follows:

" 'Actions for the following causes must be tried in the district in which the subject of the action, or some part thereof, is situated, subject to the power of the court to change the place of trial, as provided in this Code:

" '1. For the recovery of real property, or an estate or interest therein, or for the determination in any form of such right or interest, and for injuries to real property.

" '2. * * * * * * *

" '3. * * * * * * *

"In the light of the above legal provisions, it should be observed that there must be tried in the district in which the subject of the action is situated, those actions wherein it is sought to recover for injuries caused to real property.

"Construing similar provisions as the above, the Supreme Court of California, in the case of *F. R. Drinkhouse* v. *Spring Valley Water Works*, 80 Cal. 308, upheld the doctrine that—

" ' 'An action to restrain a threatened injury to real estate is an action for "an injury to real property," within the meaning of subdivision 1 of section 392 of the Code of Civil Procedure, and must be tried in the county where the real estate is situated.'

"The case from whose syllabus, which is in accord with the opinion we have quoted, disposes, in our view, of the question raised. It is true that, in the injunction brought the injury caused is not alleged, its only purpose being to prevent any future injury that might be caused, but under the doctrine above-mentioned no distinction should be made between a case where it is sought by injunction to recover for an injury caused and one where it is to prevent such injury. The action brought must be considered in either case as one on injuries to real property."

Thereupon the defendant took the present appeal. It maintains in its brief that, a personal action being involved, the general rule set forth in section 81 of the Code of Civil Procedure is fully applicable to the case herein. In order to show that the action involved is personal, it invokes the decision of this Court in *Giervolini* v. *Succession of Rodríguez*, 23 P.R.R. 808, where it was said, in the syllabus:

"An action brought for the abatement of a nuisance by injunction, based on section 277 of the Code of Civil Procedure, is a personal and not a real action."

In the opinion, the Court said:

"We quite agree with appellant that the present is a personal rather than a real action, and, for the purposes of this opinion, it may be conceded that the trial court erred in so far as it was inclined to regard the present litigation as a proper and adequate opportunity finally to determine the status of the property involved, beyond the point as to whether or not petitioner had established *prima facie* his claim to a right of way over the land of respondents and his consequent right to the relief for which he prayed. But the personal action is expressly based upon, and is brought to protect and enforce, a property right. It follows that if the right is not clear the action must fail. It is too plain for serious discussion that if petitioner has no right of way over respondent's land, he has no cause of action against respondent under section 277 of the Code of Civil Procedure by reason of any facts alleged in his petition.

"We are not now concerned with any question as to the possible effect of the judgment herein as *res judicata* in some subsequent real action, nor with the reasoning of the trial judge; but need only consider whether or not the judgment, viewed in the light of the pleadings and of the findings of fact, is sound. So regarded, there is no room whatever for doubt as to the correctness of the conclusion reached by the trial court."

As may be seen, no change of venue was involved in that case, and what this Court stated and decided then can be harmonized with the opinion and judgment of the California Court in *F. R. Drinkhouse* v. *Spring Valley Water Works*, *supra*, cited by the trial judge.

The general rule is indeed set forth in section 81 of the Code of Civil Procedure; but the present case is an exception to that rule, and the applicable provisions are those contained in section 75 of said code, similar to section 392 of the California Code of Civil Procedure.

In addition to the *Drinkhouse* case, *supra*, it would seem advisable to cite the cases of *City of Marysville* v. *North Bloomfield Gravel Mining Co.*, 66 Cal. 343; also *McClatchy et al.*, v. *Laguna Lands*, 164 Pac. 41, where it was said:

"This action was brought to abate a nuisance, which it was alleged was causing injury to real property in the county of Yuba, where the action was commenced and is still pending. An action for injuries to real property must be tried in the county in which the subject of the action or some part thereof is situated, subject to the power of the court to change the place of trial as provided in the code. (C.C.P., par. 392.)

"Being an action 'for injuries to real property,' it is not within the class of cases which '*must* be tried in the county in which the defendants, or some of them, reside at the commencement of the action.'

"Whether it should be tried in that county was a question to be determined upon facts presented to the court below, and unless the decision was unwarranted by the facts, it ought not be reversed. We think the decision was justified by the facts." *City of Marysville* v. *N. B. G. M. Co.*, 66 Cal. Rep. 344.

"An action to abate as public nuisance diversion of water contrary to St. 1913, p. 252, par. 12, declaring diversion of water that will increase flow of Sacramento and San Joaquín rivers a public nuisance, where it involves injuries to real property, must be tried in the county in which the subject of the action or some part thereof is situated."

The order appealed from must be affirmed.