[Civ. No. 9172.   Third Dist.   Oct. 18, 1957.]

EDWARD M. WOLFE et al., Appellants, v. A. L. WALLACE et al., Defendants; A. R. MAEDE, Respondent.

Kasch & Cook, Todd & Todd and Henry C. Todd for Appellants.

Phil N. Crawford for Respondent.

SCHOTTKY, J.—Plaintiffs have appealed from an order granting a motion by defendant A. R. Maede for a change of venue from Sonoma County to Lake County. Defendants Wallace and Eddings filed a demand for retention of the cause in Sonoma County.

The complaint alleges that the defendants entered upon plaintiffs' land in Lake County and cut down and carried away 15 pine trees valued at $700; that the cutting destroyed the scenic value of the property and lowered its market value in the amount of $6,500; that the acts of the defendants were wrongful, malicious and wanton and contrary to section 733 of the Code of Civil Procedure, and plaintiffs ask treble damages for loss of timber and loss of value of the land in the sum of $21,600.

The ground upon which the motion was based and upon which it was granted was that the action involved injuries to real property which was located in Lake County and that under section 392 of the Code of Civil Procedure, the proper county for the trial was in Lake County.

Code of Civil Procedure, section 392, provides in part:

"(1) . . . the county in which the real property, which is the subject of the action, or some part thereof, is situated, is the proper county for the trial of the following actions:

"(a) For the recovery of real property, or of an estate or interest therein, or for the determination in any form, of such right or interest, and for injuries to real property."

In referring to this section, the court, in *Standard Brands of California* v. *Bryce*, 1 Cal.2d 718, 720 [37 P.2d 446], said: "Whether the place of trial is governed by this section is to be determined by the subject matter of the action as shown by the complaint."

The decisions upon which the trial court relied, and upon which respondent relies in this court, are *Ophir Silver Mining Co.* v. *Superior Court* (1905), 147 Cal. 467 [82 P. 70, 3 Ann. Cas. 340], and *Las Animas & San Joaquin Land Co.* v. *Fatjo* (1908), 9 Cal.App. 318 [99 P. 393]. In the Ophir Silver Mining Company case the petitioners were granted a writ of prohibition to quash proceedings in which they were the defendants on the ground that the complaint alleged a local action that should be tried in the jurisdiction where the land involved was situated. The action was for an accounting and an injunction restraining the defendants from removing ore from the plaintiffs' land situated in Nevada. ▪ The court, speaking through Chief Justice Beatty, said at page 473:

". . . There is no doubt that the owner of land, if he chooses to waive all claim for damages to the freehold, may maintain a personal action for the value of timber or ores removed from the land by a naked trespasser, and the mere fact that in such action he may be compelled to allege, and, if denied, to prove, ownership of the land from which timber is cut or the ore extracted does not make the action local. There is as little doubt that where the whole or any part of the damages claimed is for injury to the freehold the action is local and not transitory. The basis of this distinction is stated by Chief Justice Marshall in the course of his opinion in *Livingston* v. *Jefferson,* 1 Brock. 209, [Fed. Cas. No. 8411]: 'Actions are deemed transitory where the transactions upon which they are founded might have taken place anywhere, but are local when their cause is in its nature essentially local.' As land can be injured only where it is situated damages for such injuries can only be recovered where it is situated, but since timber or ores, when severed from the land by the act of a trespasser, remain the personal property of the owner and are capable of being converted by any person anywhere, an action to recover only the value of the ore or timber after severance is transitory and may be maintained wherever the trespasser can be served with summons. The validity of this distinction has been doubted, but the great authority of Lord Mansfield was exerted in vain to set it aside in England, and it has been enforced not only there but in most of the United States. In this state the rule is statutory that an action for injuries to real property must be tried in the county where the land is situated, except in those cases where a change of the place of trial may be ordered for special reasons. (Code Civ. Proc., § 392.) So that if an action were

commenced in this state for a trespass upon land situated within this state consisting in the cutting and removal of timber or the digging and carrying away of ores, and any part of the damages claimed was for injury to the freehold as distinct from the value of the timber or ores after severance, the jurisdiction of the action would belong to the superior court of the county in which the land was situated.''

In *Las Animas & San Joaquin Land Co.* v. *Fatjo, supra,* the complaint alleged that the defendants negligently allowed a fire set upon their land to spread to the plaintiff's land and there burned down and destroyed a house and barn, to the damage of $1,500 to the plaintiff. The denial of the defendants' motion for a change of venue to the county of their residence was affirmed on appeal on the ground that the action was local and properly brought in the county where the land was situated. The court said at page 321:

''. . . We have a case, then, where the defendants are accused of having destroyed a part of plaintiff's land to its damage in the sum of $1,500. If the destruction of a part of real property, thereby damaging the owner, is not an injury to real property, then it is impossible to conceive of such a contingency. The cause of action arises from this injury, the purpose of the suit is to redress it, and it necessarily follows, if effect is to be given to the legislative will, that the trial must take place where the land is located, that is, in Merced county.''

In view of the fact that the instant action is to recover damages for the cutting down of 15 pine trees and the decrease in the value of the land because of the consequent loss of scenic value, it is difficult to understand how it can logically be argued that the action is not an action ''for injuries to real property.'' Appellants do not seek to distinguish the two cases hereinbefore cited, which have never been overruled or disapproved by any subsequent decisions, but say in their closing brief:

''The two cases thus relied on were decided half a century ago (Ophir in 1905, Fatjo in 1908). The Citator shows no citation of either decision on the point now before us. Without criticizing those rulings, written by the late Chief Justice Beatty and the late Justice Burnett, we feel it our duty to call this Court's attention to many decisions of our Supreme Court in the half century which has elapsed since the two decisions mentioned, and to call attention to the way in which the rule is currently stated.''

Appellants then proceed to cite a number of cases held to be transitory wherein real property was involved, but all of these cases are clearly distinguishable from the instant case and are based upon different factual situations. For example, as in *Hardy* v. *White*, 130 Cal.App.2d 550 [279 P.2d 126], where the damages were for the personal inconvenience of plaintiffs from being dispossessed of their property, and *Work* v. *Associated Almond Growers*, 76 Cal.App. 708 [245 P. 790], where suit was for recovery of purchase price on sale of real property, the damages were not the result of direct injury to the physical existence of the real property. It would serve no useful purpose to discuss the cases cited by appellants because none of them, expressly or impliedly, overrule *Ophir Silver Mining Co.* v. *Superior Court* or *Las Animas & San Joaquin Land Co.* v. *Fatjo, supra,* and we choose to base our decision upon what we believe to be a clear and logical construction of the plain meaning of the language of Code of Civil Procedure, section 392, and the decisions relied upon by the trial court. If the instant action is not one "for injuries to real property" it is difficult to conceive what type of action it is, for the damage alleged is all the result of direct injury to the physical existence of the real property itself. The trees were real property. They were cut down, destroying part of the realty itself, that is, the growing timber and the scenic beauty of the land.

The Legislature, in enacting section 392 of the Code of Civil Procedure in 1872, provided therein that the proper county for the trial of actions for injuries to real property was the county where the real property is situated. In the intervening years no Legislature has changed that provision. The instant action cannot be construed as other than an action for injuries to real property. ■ It is the duty of courts to give effect to the legislative will unless the legislative act is contrary to some constitutional limitation. ■ It was clearly within the power of the Legislature to provide that such actions should be tried in the county where the real property is situated. We are therefore convinced that the court did not err in granting respondent's motion to change the place of trial to Lake County.

No other points require discussion.

The order is affirmed.

Peek, Acting P. J., and Warne, J. pro tem.,* concurred.

---

*Assigned by Chairman of Judicial Council.