## NORWOOD v. FARMERS & MERCHANTS NAT. BANK OF ABILENE et al.

### No. 2057, 2058.

Court of Civil Appeals of Texas. Eastland.

Nov. 8, 1940.

Rehearing Denied Dec. 6, 1940.

Scarborough, Yates & Scarborough, of Abilene, for appellant.

T. J. McMahon and Hudson Smart, both of Abilene, for appellees.

LESLIE, Chief Justice.

As stated in the briefs "identical judgments were entered in the district court" in the above cases. They have been briefed together. The parties agreed to the entry of the same judgment in each case below. That was without prejudice to the rights of appeal. As the appeals are presented together, they will be so considered.

Willis Norwood and wife, Maggie M. Norwood, during 50 years of married life, accumulated an estate valued at approximately $200,000. May 3, 1939, Willis Norwood died, leaving a will disposing of his property. At the time of his death he owed no debts. The appellee bank and T. J. McMahon were named trustees for the handling of the estate. Later McMahon resigned. The bank was also named as independent executor of the estate and as such offered the will for probate. Wiley Norwood, a son of deceased, filed a protest, resisting the probate of the will. Thereupon the bank made application to be appointed temporary administrator of said estate. It was appointed, qualified as such, and took possession of the entire community estate of the deceased and his wife. This was without the consent of the latter as to her share of the property.

The questions presented by this appeal are in substance covered by the twelfth paragraph of the stipulations entered into by the litigants:

"That the following expenses were incurred in the temporary administration, which all parties agree are reasonable, proper and necessary expenses; that it is the contention of the temporary administrator that the entire expenses should be charged to the entire estate and paid one half by the community share of Willis Norwood, deceased, and one half by the community share of Mrs. Maggie Norwood. It is the contention of Mrs. Norwood, that the entire expense should be paid by the temporary administrator out of the community share of Willis Norwood, deceased, said expenses being as follows: to-wit:

Laughter Funeral Home
  (Funeral expenses of Willis
    Norwood) ............... $ 998.50
T. J. McMahon
  (Attorney's fees as temporary
    adm'r.) ................. 1,000.00
Farmers & Merchants National
  Bank of Abilene, Texas
  (Fees for temporary adm'r.) 500.00
                            ————
                         $2,498.50"

The thirteenth paragraph of the stipulations is as follows: "It is further stipulated that Item II of the joint will of Willis Norwood and Maggie M. Norwood is as follows, to-wit: 'We, and each of us, desire and direct that all of the just debts of each of us be paid by the executors hereinafter named as soon after our respective deaths as may be practicable.' "

The County Court authorized the administrator to subject the community estate (both shares thereof) to the payment of the above claims. Mrs. Norwood excepted and appealed to the District Court, and the trials there resulted in a judgment, in substance, the same. That is, the effect of the judgment was to require one half of the costs of the matters or items in controversy to be borne by the interest in the estate belonging to Mrs. Norwood. To this she excepted and appeals.

Upon request the trial court filed findings of fact and conclusions of law. They are in substance the same as the agreed statement of facts.

The appeal is predicated upon two propositions of law. The first is that since the funeral expenses were not incurred during marriage and the estate was solvent, the share of Willis Norwood in the estate was primarily liable for such expenses and the share of Mrs. Norwood was only secondarily liable, if liable at all.

The second proposition is in substance that since the temporary administration was merely a pendente lite administration, the administrator had no right to the possession of Mrs. Norwood's property, "if any at all, beyond the right to insure that true community debts would not be paid wholly from the share of Willis Norwood and therefore the administrator had no right to charge Mrs. Norwood's interest in the estate with any part of the administrative costs of the temporary administration."

The appellee (administrator) replies to these contentions with the following counter propositions:

(1) The Farmers & Merchants National Bank of Abilene, as temporary administrator of the estate of Willis Norwood, deceased, was required as such to take charge of the entire community estate of the deceased Willis Norwood, and the surviving spouse, Mrs. Maggie M. Norwood, hence such temporary administration being for the benefit of the entire community estate, the reasonable and necessary expenses incident thereto are properly and necessarily deductible from the whole of the community estate, the balance of said community estate, after the deduction of such reasonable and necessary expenses, being the proper subject of partition between the deceased spouse's administrator and the survivor.

(2) "Since there was no separate estate of either spouse, the community estate was primarily liable for the funeral expenses of Willis Norwood, deceased, hence the trial court did not err in charging one half thereof to the community share of Mrs. Norwood."

█ █ We are of the opinion that the contest of the probate of the will by Wiley Norwood rendered the appointment of a temporary administrator proper and necessary. Huth v. Huth, Tex.Civ.App., 187 S.W. 523, 525, 528, writ refused. That administration was in all respects lawful. This authority also holds that it is the right and duty of the temporary administrator under such circumstances to take charge and custody of the entire community estate of the deceased and his wife. In that opinion the court, after discussing the propriety and necessity for the appointment of a temporary administrator in the case of a will contest, also discussed and passed

upon the right and duty of such temporary administrator to take possession and preserve, etc., the entire community estate of the deceased and the surviving spouse. The contention was there made that if it be conceded that the County Court had the authority to appoint a temporary administrator of the estate of the deceased wife, with power to take possession of the property belonging to said estate, "still said court had no lawful authority to empower said temporary administrator to take possession of appellant's one-half undivided interest of the community property belonging to himself and the estate of his deceased wife \* \* \*." That such order would be void, constitute an unlawful seizure of his property, and violate sections 9 and 13 of the Bill of Rights of the Constitution of the State of Texas, Vernon's Ann.St. and the 14th Amendment to the Constitution of the United States.

In response to such contention the court held:

"We do not think this contention tenable. The whole of the property in question was the common property of appellant and the estate of his deceased wife, a one-half undivided interest of which was owned by appellant and the other one-half of which belonged to the estate of his deceased wife. *Such property consisted of real and personal property, money, notes, choses in action,* etc., and is incapable of an equitable partition and division between appellant and the estate of his deceased wife, without the intervention of a court of competent jurisdiction.

"It is provided by article 3559, Revised Statutes [now Art. 3630], that, until a partition of common property is applied for and made as therein provided, the executor or administrator of the deceased shall have the right, *and it shall be his duty,* to recover possession of all such common property and hold the same in trust for the benefit of the creditors and others entitled thereto under the provisions of said article. We think that, in view of what has been said, there can be no serious doubt that the county court had the authority to appoint and empower the temporary administrator to take possession of the whole of said common property and to hold the same until a partition is had, as provided for by article 3560, Revised Statutes, hereinbefore set out, or until said will contest is terminated and a permanent administrator is appointed and qualified.

Therefore it follows that the order appointing said temporary administrator with such powers was not void, nor was there any attempt to deprive appellant of his property without due process of law, as contended by him." (Italics ours).

For other authorities to the same effect, see Moke & Bro. v. Brackett, 28 Tex. 443; Hollingsworth v. Davis, 62 Tex. 438; Waterman Lumber & Supply Co. v. Robbins, Tex.Com.App., 206 S.W. 825; Moore v. Wooten, Tex.Com.App., 283 S.W. 153; Pace v. Eoff, Tex.Com.App., 48 S.W.2d 956.

Further, we think the rule is well established that the entire community estate is liable for the necessary and reasonable charges incident to the temporary administration. The three items in the above stipulation are the only ones involved and the parties have agreed that each of them was "reasonable, proper and necessary." As authority for this rule and its application to the facts of this case, we cite Williams v. Howard, 10 Tex.Civ.App. 527, 31 S.W. 835, writ refused; Moore v. Wooten, Tex.Com.App., 280 S.W. 742; Mitchell v. De Witt, 20 Tex. 294; Morris v. Halbert, 36 Tex. 19.

In the Williams case, supra [10 Tex. Civ.App. 527, 31 S.W. 839], where the question of the authority of the administrator of the husband's estate to manage, control and deal with the entire community property was raised, the court held: "An administrator upon the husband's estate takes charge of the community property, and it is his duty to care for and preserve it. The expense of doing this is charged to the *whole property, and not solely to the husband's share.* Had the administrator, for the preservation of this certificate, paid for its location with money in his hands, the sum so expended would have been charged to the entire fund, the wife thus being required to bear her share of the expense; and, in like manner, she must bear her share when the payment is made with a part of the certificate. It must be borne in mind that this certificate was in the hands of the administrator for administration purposes, and it is not the case of an ordinary tenant in common making a contract with a third party for the location of the whole in consideration of a part." (Italics ours)

In the Moore case, supra [280 S.W. 747], the court, in considering the duties and powers of administrators, including the

question of payment of the costs and expenses of administration and the property from which funds for the payment of such costs and expenses shall be derived, held:

"If any part of this land was the separate estate of the wife, then in that event it would not be charged with any of the community debts or any part of the expenses of the administration of the estate of W. R. Wooten, deceased; but the contrary rule is applicable to the estate of the husband. Whether the undivided one-half interest in the 1,500 acres was a part of his separate estate or a part of the community of himself and wife, it was nevertheless charged, not only with all the debts of the community and all of his separate debts, but as well with all the expenses of administration in this proceeding. *Since all of the estate of W. R. Wooten was charged with the community debts as well as the expenses of administration, and this estate, of course, for these purposes included the community interest of the wife, if in fact she had any* community interest * * *." (Italics ours).

In the light of these authorities we conclude that there was no error in the trial court's judgment allowing the respective fees to the attorney and the temporary administrator and charging same to the community estate as a whole.

 We think the authorities are also clear and to the effect that the item of funeral expenses is a legitimate charge against said community estate and deductible therefrom before partition. Richardson v. McCloskey, Tex.Com.App., 276 S.W. 680; Goldberg v. Zellner, Tex.Com.App., 235 S.W. 870; Hocker v. Piper, Tex.Civ. App., 2 S.W.2d 997. In the Richardson McCloskey opinion the court held in part as follows [276 S.W. 683]:

"The first item provided for by statute in the order of payment of claims against an estate of a decedent is that of funeral expenses and expenses of last sickness. The statute (art. 3460), does not undertake to define the term 'funeral expenses.' Expenditures for monuments and tombstones are generally held authorized as part of the funeral expenses where the cost of such expenditures is not disproportionate to the value of the deceased's estate. Indeed, such holding is well nigh universal. [Citing many authorities from different jurisdictions.] * * *

"Indeed, the case of Goldberg v. Zellner (Tex.Com.App.) 235 S.W. 870, cited by the Court of Civil Appeals [261 S.W. 801], is itself authority for the holding that the community estate is primarily liable for such expense in the absence of a contract to the contrary.

"At all events and upon sound reasoning, aside from precedent, we are of opinion that a liberal interpretation of our statute and a decent regard for the memory of the dead would warrant and require a holding that funeral expenses would include a tombstone in keeping with the estate of the deceased, and that an expenditure for such purpose should be allowed and charged against the estate."

It follows from what has been said that the appellant's propositions are each overruled. Further, if there be anything in the opinion in Blair v. Stewart, 5 Cir., 49 F. 2d 257, implying a different application of the rules of law employed in the disposition of this appeal, then we are of the opinion that that authority cannot be given any effect here in view of the opinions of our Supreme Court above cited, as well as those of other appellate courts of this State.

For the reasons assigned, the judgment of the trial court in each of said causes is affirmed.