[L. A. No. 17663.   In Bank.   Dec. 31, 1941.]

Estate of HARRY COFFEE, Deceased.   ANNA COFFEE, Individually and as Executrix, etc., Respondent, v. HARRY B. RILEY, State Controller, Appellant.

James W. Hickey, Inheritance Tax Attorney, and Alvin P. Jacobs, Assistant Inheritance Tax Attorney, for Appellant.

Dearing & Jertberg, Gilbert Jertberg and Kenneth G. Avery for Respondent.

EDMONDS, J.—The Controller has appealed from an order fixing the inheritance tax in the estate of Harry Coffee, deceased, which, in effect, allows his widow to take one-half of their community property without deduction for debts, expenses of administration or inheritance taxes.

The following facts stand undisputed.

Harry Coffee died testate. He owned separate property as well as that held by him and the respondent as joint tenants. By his will, all of his property was left to his wife. The total value of his estate subject to distribution by the probate court is $141,000. At the time of his death, community property and separate property had been transferred within the meaning of the Inheritance Tax Act of 1935 (Stats. 1935, p. 1266, Deering's Gen. Laws, Act 8495) or was held in joint tenancy by him and his wife, of a total value of $68,500. He also owned life insurance policies providing for the payment of $73,000 to named beneficiaries, which amount is not chargeable with inheritance taxes.

Excluding insurance, the value of the community property is $149,500. The inheritance tax appraiser allowed as credits against the amount of $209,500 (the value of all property except life insurance policies), commissions of the executrix and her attorneys upon $141,000, also debts, expenses of administration and the federal estate tax, a total of $22,700. He then computed the inheritance tax upon a clear market value of $186,800, after excluding $60,700 for the widow's share of the community property and deducting her statu-

tory exemption of $24,000. She objected to this report upon the ground that one-half of the community property of herself and her husband is no part of his estate within the meaning of the Inheritance Tax Act; that it is not subject to his debts, or the expenses of administration and cannot be considered in calculating the inheritance tax thereon. This objection was sustained by the probate court which found that Harry Coffee left property subject to administration of a fair market value of $90,700; that there is other property also taxable under the inheritance tax law of a fair market value of $44,100; therefore, the total value of property which may be considered for inheritance tax purposes is $134,800. Allowing deductions for commissions of the executrix and her attorneys upon $90,700 together with debts, expenses of administration and the federal estate tax, in a total amount of $19,400, the court concluded that the taxable property of the decedent has a clear market value of $115,400. The amount of $90,700 represents the value of the property being administered upon in the probate court less one-half of the value of the community property included in the inventory and appraisement. Adding $44,100 to that amount and also $74,700, the value of one-half of the community property claimed by the wife, gives a total of $209,500, the value of all property except the insurance.

The Controller contends that the entire community property, proportionately with the husband's separate property, is subject to his debts and the expenses of administration, and that the widow is only entitled to take one-half of the community property remaining after the payment of these charges. He also asserts that the commissions of the executrix and of her attorneys should be based upon the value of the community property and the separate property subject to distribution by the probate court. In support of the probate court's order, the respondent argues that upon the death of the husband, one-half of the community property is no part of his estate and, further, that it may not be used for any purpose in computing the inheritance tax because section 1 of the Inheritance Tax Act of 1935, *supra,* declares "the one half of the community property which belongs to the surviving spouse . . . shall not be subject to" its provisions.

In 1873, section 1401 of the Civil Code, which was a part of Title VII concerning "Succession," provided that upon

the death of the wife, the entire community property, without administration should belong to the surviving husband, except such portion of it as had been set aside to her by judicial decree for her support and maintenance. At that time section 1402 of the Civil Code provided: ''Upon the death of the husband, one-half of the community property goes to the surviving wife, and the other half is subject to the testamentary disposition of the husband, . . . In case of the dissolution of the community by the death of the husband, the entire community property is equally subject to his debts, the family allowance, and the charges and expenses of administration.'' Both sections were recast by the legislature of 1923. Section 1401 became: ''Upon the death of either husband or wife, one-half of the community property belongs to the surviving spouse; the other half is subject to the testamentary disposition of the decedent, and in the absence thereof, goes to the surviving spouse, subject to the provisions of section . . . [1402] of this code.'' The following section was amended to read: ''Community property passing from the control of the husband, either by reason of his death or by virtue of testamentary disposition by the wife, is subject to administration, his debts, family allowance and the charges and expense of administration . . .'' In 1931, these were enacted without substantial change of language as sections 201 and 202, respectively, of the Probate Code,

Because in 1923, says the respondent, the legislature placed a semi-colon instead of a comma after the words ''belongs to the surviving spouse'' in section 1401, only that portion of the community property which is subject to the testamentary disposition of the decedent is liable for the debts and charges which were stated in section 1402 and are now specified by section 202 of the Probate Code. But this argument overlooks the difference in scope between the two provisions. Section 201, like its predecessor, is a statute of succession; section 202 is a legislative declaration that ''the community property'' is chargeable with the husband's debts and is subject to the general provisions concerning the administration of the property of a decedent. Also, although punctuation may be of some assistance in the construction of a statute, it is not of controlling importance. Certainly, it is reasonable to suppose that if the legislature had desired to change the law relating to the liability of com-

munity property for debts, it would have done so by express enactment and not by substituting a semi-colon for a comma in the statute relating to succession. (See *Estate of Matthiessen*, 23 Cal. App. (2d) 608 [73 Pac. (2d) 1267]; *In re Davis*, 18 Cal. App. (2d) 291 [63 Pac. (2d) 853].)

Moreover, in construing the enactments of 1923, this court held that they changed the law concerning community property in two particulars. "First, the wife was given the right, equal with that of the husband, to make testamentary disposition of the one-half of the community property to which she would be entitled if she survived the husband, a right which she did not before possess; and secondly, it changed the rule of inheritance by substituting the surviving wife for the husband's descendants as successor to his half of the community property in case he made no disposition thereof up to the time of his death." (*Travelers Ins. Co.* v. *Fancher*, 219 Cal. 351, 354 [26 Pac. (2d) 482].) Although the point now presented was not then before the court, its enumeration of the effects of the new enactments purports to include all of the changes which the legislature had made. It is most significant that no mention was made of any difference between the old and new legislation in other particulars.

For many years, the rule in this state has been that during the lifetime of a husband, the community property is liable for his debts. (*Grolemund* v. *Cafferata*, 17 Cal. (2d) 679 [111 Pac. (2d) 641]; *Spreckels* v. *Spreckels*, 116 Cal. 339 [48 Pac. 228, 58 Am. St. Rep. 170, 36 L. R. A. 497].) And section 202 of the Probate Code, said the United States District Court in a recent case, "subjects all community property passing from the control of the husband, by his death or otherwise, to administration, to his debts, and to certain other charges. This is a provision more or less typical of the law in all community property states and should be construed as correlative to the principle that during the husband's life the community property is subject to his debts. Both are apparently corollaries to his right of management and control." (*Sampson* v. *Welch*, 23 Fed. Supp. 271.)

It is clear, therefore, that the portion of the community property which belongs to the wife is the one-half which remains after the payment of the husband's debts and the expenses of administration apportioned between the community and separate property in accordance with the value thereof, and this is true even when the husband's share of

the community, together with his separate property, is ample to pay those debts and expenses.

According to the respondent, as executrix she paid the decedent's debts from his one-half of the community. The basis for this statement is not clear as the record does not show that there was any actual segregation of assets. But she relies upon section 750 of the Probate Code which provides that the decedent's debts and expenses must be first paid out of such property of the estate as the decedent designates by will for such purpose, or, if insufficient, such debts and expenses must be paid out of that portion of the estate not disposed of by will and, if that is not sufficient, out of the property given to the residuary legatees and devisees. The testator in the present case made no designation of property for the payment of his debts and expenses of administration, but even if he had, the amount excluded from the computation of the tax as the wife's one-half of the community property would not be thereby increased. The one-half that belongs to the wife is one-half of the community after payment of the husband's debts although she may be given more by a provision in the will making the husband's debts payable out of other parts of the estate. (See *Estate of Irwin,* 196 Cal. 366 [237 Pac. 1074].)

The judgment is reversed with directions to the probate court to compute the inheritance tax in accordance with the conclusions which have been stated.

Gibson, C. J., Shenk, J., and Traynor, J., concurred.

CARTER, J., Concurring Specially.—I concur in the judgment of reversal. In my opinion, the debts of the deceased, expenses and charges of administration, etc., should be first deducted from the gross value of the property subject to administration, including all of the community and separate property. These deductions should be apportioned between the community and separate property in accordance with the value thereof, giving effect to the provisions of section 750 of the Probate Code when applicable. One-half of the net value of the community property belongs to the surviving spouse and is not subject to inheritance taxes. (Section 201, Probate Code.) The other half which is subject to the testamentary disposition of the deceased spouse, together with the

separate property of such deceased, is taxable under the provisions of the Inheritance Tax Act. (Stats. 1935, p. 1266, Deering's General Laws, Act 8495.) Before computing such tax, the widow in the case at bar is entitled to an exemption of $24,000, and the tax should be computed upon the balance remaining after the deduction of such exemption.