[Civ. No. 5618. Fourth Dist. May 27, 1957.]

Estate of ARAM ADAMS, Deceased. ALBERT ADAMS et al., Appellants, v. DIANA ADAMS, Respondent.

318

William E. Swiney and Eisner & Titchell for Appellants.

Baker, Palmer, Wall & Raymond and Claude F. Baker for Respondent.

MUSSELL, J.—On June 27, 1955, Aram Adams died testate, leaving a surviving widow and two brothers. The brothers are the appellants herein. The decedent's will, dated July 13, 1954, contained a declaration that all of the property of the decedent was community property and directed that his wife, Diana, should have her one-half of the estate as her share of the community property and that the decedent's one-half interest in the community property was subject to distribution, $15,000 cash to his nephew, and the remainder in equal shares to decedent's two brothers.

Decedent and his wife owned and held certain real and personal property in their names as joint tenants and interests in other real property as tenants in common. The rest of the property, both real and personal, was in the name of the decedent.

The will was admitted to probate and the widow was receiving a family allowance from the estate, when, on March 29, 1956, an agreement in writing was entered into by and between Diana Adams, as first party, and the two brothers, as second parties, wherein it was recited that a dispute had arisen between the parties as to the proper interpretation of the will and other matters and that the parties desired to compromise and settle their differences and arrange for the orderly distribution of the estate of Aram Adams, subject to the approval of the superior court. This agreement was approved by the court by order made and filed May 22, 1956. In paragraph one of the agreement it is agreed that "All property, real and personal, standing of record or held in the names of First Party and Aram Adams as joint tenants, shall for the purposes hereof be considered as true joint tenancy property and shall in its entirety belong to and

be the property of First Party." In paragraph two it is provided:

"All interests in real property, including fractional interests, held in the names of Aram Adams and First Party as tenants in common, shall for the purposes hereof be regarded and treated as being one-half of the property of First Party and one-half the property of Aram Adams, subject to his right of testamentary disposition. First Party shall retain her undivided one-half interest in said properties, or fractional parts thereof, under the deeds by which title was acquired. The one-half interest in said properties, or fractional parts thereof, considered herein as being subject to the testamentary disposition of Aram Adams, shall be distributed in undivided interests one-eighth to First Party and seven-eighths to Second Parties."

The controversy herein relates to the following two paragraphs of the agreement:

"3. All other property standing in the name of Aram Adams and included in the inventory and appraisement on file in the above referred to estate is conceded to be the community property of Aram Adams and First Party. One-half of such property shall be distributed to First Party as her share thereof and the remaining one-half to Second Parties and in payment of the specific bequest of $15,000.00 to Joseph Avakoff.

"With respect to the property to be distributed pursuant to this paragraph, it is understood that First Party's community interest is not subject to either California Inheritance Taxes or Federal Estate Taxes, and therefore, First Party shall bear no portion of such taxes on property herein conceded to be the community property of Aram Adams and of First Party, but such taxes shall be paid entirely by Second Parties and Joseph Avakoff.

"4. It is understood that First Party is presently receiving a family allowance from the estate of Aram Adams. The family allowance is payable solely from the estate, and is to be charged against the entire property described in Paragraph 3 hereof. To the extent that the family allowance is not allowed as a deduction but is included in the gross taxable estate for Federal Estate Tax purposes or is held to be subject to California State Inheritance Tax, First Party shall bear the portion of such taxes attributable to such inclusion."

On November 20, 1956, the executor of the estate filed herein his first account current, report of executor and petition for preliminary distribution and attached a copy of the aforesaid agreement thereto. On December 10, 1956, the court made and entered its order settling the first account current and for preliminary distribution and in it the court required the executor to charge the family allowance paid to Diana Adams, the widow, against that portion of the community property being distributed to the brothers of said decedent and relieving the share of the community property which was distributed to the widow of bearing any proportionate part of the family allowance. The brothers appeal from this part of the order and from that part of the order of preliminary distribution which reflects the assessment of the family allowance solely against the interests of the said brothers and which deducts from their distributive share the entire family allowance paid to the widow.

Appellants contend that the entire community property of a decedent and his spouse becomes part of the estate subject to administration; that the entire community property must bear the proportionate share of the expenses of administration, including family allowance, and that there is no authority to assess the family allowance against the community interest of the husband.

In *Estate of Resler,* 43 Cal.2d 726, 738 [278 P.2d 1], it is held that the rule is that the family allowance is a charge against the community property; that the charge is a debt payable from the community estate (*Estate of Coffee,* 19 Cal.2d 248 at 252 [120 P.2d 661]); and that allowance and the amount of the husband's debts must be deducted from the value of the community assets before the determination as to the community property available for distribution may be made. And in *Estate of Hirsh,* 122 Cal.App.2d 822, 824 [265 P.2d 920], the court held that a family allowance is an expense of administration and that the community property passing from the control of the husband, either by reason of his death or by virtue of the testamentary disposition of the wife, is subject to his debts and to administration (Prob. Code, § 202).

In the instant case the parties, by agreement, specifically determined what property should be subject to the payment of the family allowance. This agreement was approved by the court and it clearly appears therefrom that "the family allowance is payable solely from the estate and is to be charged

against the entire property described in paragraph three hereof.'' The entire property described in paragraph three of the agreement is all other property·standing in the name of Aram Adams and included in the inventory and appraisement on file in the estate, except the property held in joint tenancy and as tenants in common referred to in paragraphs one and two of the agreement. The question of what property was chargeable with the payment of the family allowance was clearly settled by the agreement of the parties and it was the duty of the court to consider it as finally settled thereby. As is said in *Estate of Howe*, 88 Cal.App.2d 454, 458 [199 P.2d 59] :

''That the interested parties possessed the right to stipulate concerning the amount to be considered community property and to determine the widow's share of such property, there can be no doubt. So long as the stipulation was not illegal nor contrary to public policy, it was the duty of the probate court to consider as finally settled all matters therein agreed to. There is no contention here that the stipulation in question is invalid. However, as in all contractual matters, the reasonable interpretation of the agreement must govern, and it is upon such an interpretation that the order made must stand or fall.''

Paragraph three of the agreement provides that one-half of the property described therein shall be distributed to Diana Adams and the remaining one-half to the brothers of the decedent and in payment of a specific bequest. The property thus distributed is the property chargeable with payment of the family allowance. It follows that the court erred in charging the family allowance against only the property distributed to decedent's brothers.

Respondent contends that on an appeal from the judgment roll only, the contract construction most favorable to sustaining the judgment must be indulged, including the presumption that ambiguous language was prepared and formulated by appellants. However, the error complained of herein appears on the face of the record and we find no ambiguity in the language used in the agreement respecting the property to be charged with the payment of the family allowance.

The portion of the order from which this appeal is taken is reversed.

Barnard, P. J., and Griffin, J., concurred.