[Civ. No. 5688. Fourth Dist. Apr. 15, 1959.]

Estate of VICTOR CLYDE MANLEY, Deceased. EDWIN W. WILSON, Appellant, v. EDITH B. MANLEY, as Administratrix With the Will Annexed, etc., Respondent.

642

Edwin W. Wilson, in pro. per., for Appellant.

No appearance for Respondent.

SHEPARD, J.—This is an appeal on the judgment roll from an order in probate directing the exclusion from the gross estate accounted for of money received as death benefit from Teachers' Retirement System of the State of California.

From the record before us it appears that respondent is the administratrix with the will annexed of the above entitled estate, and appellant is acting as her attorney in said estate proceeding. Deceased was a member during his lifetime of the California State Teachers' Retirement System. In 1938, by written designation duly filed with the retirement board, he designated his then wife Mylla Manley as beneficiary of record for death benefits receivable from said state retirement system. He was later divorced from the said Mylla and in 1944 married respondent Edith B. Manley, who remained his wife until his death in 1957, and who is now his widow and the administratrix with the will annexed of his estate. The designation of said former wife Mylla as beneficiary of benefits receiv-

able from said California State Teachers' Retirement System was, for reasons not disclosed by the record, never changed and the name of said respondent Edith B. Manley was never at any time filed with said board by him and never appeared at any time as beneficiary. An investigation after his death disclosed that all of his contributions to the retirement system after his marriage to respondent in 1944 were made from community funds of himself and respondent. As a result thereof it was determined that $8,636.94 of the death benefit payable was the community property of the deceased and said respondent Edith B. Manley, and that she is therefore entitled by reason of her community interest to one-half thereof or $4,318.47. (*Modern Woodmen of America* v. *Gray*, 113 Cal.App. 729, 733 [4] [299 P. 754]; *Gettman* v. *City of Los Angeles Dept. of W. & P.*, 87 Cal.App.2d 862, 865 [1] [197 P.2d 817]; *McBride* v. *McBride*, 11 Cal.App.2d 521, 524 [3] [54 P.2d 480].) The retirement board upon that determination caused that amount to be paid directly to respondent as an individual. Thereupon, respondent petitioned the superior court for instructions as to whether or not said $4,318.47 should be included in or excluded from decedent's gross estate for the purpose of computing statutory attorney fees. The trial court, by written instructions responsive to said petition, ordered said amount excluded from the estate for the purpose of computation of attorney fees or otherwise. From that order appellant appeals.

Division 7 of the Education Code deals with school employees and chapter 14 thereof deals with the State Teachers' Retirement System. All of the sections of the Education Code hereinafter referred to are a part of said chapter 14. Section 14278 exempts all benefits under said chapter from state or local taxation, including inheritance tax. Section 14575 provides that upon receipt of proof of a member's death certain benefits "shall be paid to such beneficiary as he has nominated by written designation duly filed with the Retirement Board." Section 14661 provides "Whenever nomination of a beneficiary is authorized by this chapter, and no beneficiary has been nominated, the estate of the person authorized to make the nomination shall be the beneficiary." Section 14662 provides "If the estate is the beneficiary, and if the estate need not be probated except for the payment due from the Retirement System, all of the amount due, including retirement allowances accrued but not received prior to death, shall be

paid directly without probate to the surviving next of kin of the deceased, . . . ."

From the record before us it appears that the total value of the whole estate, inventoried for probate, is in the amount of $29,050.05. It is therefore apparent that the estate was necessarily required to go through probate regardless of the amount received from the retirement system. Since this is true, the provision of said section 14662 for payment directly to the surviving next of kin does not apply, and the amount thus received should have been paid directly into the estate of the deceased and not to Edith B. Manley as an individual. She received this money solely by reason of her community interest therein and it is clearly subject to the course of administration. Section 202 of the Probate Code provides that community property passing by reason of the husband's death "is subject to . . . administration and disposal under the provisions of Division 3 of this Code." Probate Code, section 300 (a part of div. 3), provides that when a person dies all of his property shall be subject to the possession of the executor and to the control of the court for administration and shall be chargeable to the expense of administering the estate.

The mere fact that the benefits from the teachers' retirement fund are not subject to creditor's processes nor to state or local taxes would not change this picture for there are many other expenses of administration which could properly be chargeable to it, among which is the family allowance. (*Estate of Coffee,* 19 Cal.2d 248 [120 P.2d 661].)

The wife's share of community property is properly considered in computing fees. (*Estate of Phillips,* 123 Cal. App.2d 570, 574 [1b] [266 P.2d 954]; *Estate of Algee,* 158 Cal.App.2d 691, 696 [2] [323 P.2d 221].) From the foregoing we must necessarily conclude that the court's order excluding from the gross estate said amount of $4,318.47 received from the retirement system is erroneous.

The order is reversed.

Griffin, P. J., and Mussell, J., concurred.