Whitfield J. COLLINS, Independent Executor of the Estate of Gillis A. Johnson, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 4–609.

United States District Court
N. D. Texas,
Fort Worth Division.

April 27, 1967.

Allan Howeth, Fort Worth, Tex., for plaintiff.

Robert L. Waters, Pete Winstead, Attys., Tax Division Dept. of Justice, Fort Worth, Tex., for defendant.

## MEMORANDUM OPINION

WILLIAM M. TAYLOR, Jr., District Judge.

This is an action for the refund of estate taxes which the taxpayer claims were erroneously and illegally assessed and collected with respect to the Estate of Gillis A. Johnson, whose date of death was September 29, 1962. The question presenting itself in this case is whether the Administrator may deduct 100% of the funeral expenses of the deceased from the gross estate or only 50% of such expenses on the ground that one-half thereof is chargeable against the surviving spouse's one-half interest in the community estate.

The statute involved in this case is § 2053 of the Internal Revenue Code (1954). From the reading of the statute, it is readily apparent that this question of deduction is determined by the laws of the State of Texas and, therefore, our problem becomes that of determining whether, under Texas law, funeral expenses should be charged against the decedent's estate under administration or whether one-half of such amount is chargeable against the wife's share of the community.

The facts are stipulated by the parties and may be briefly stated as follows: The decedent, Gillis A. Johnson, died testate at the age of 66 on September 29, 1962. His will, among other things, provided that all of his just debts, expenses of last illness, funeral expenses, expenses of the administration of his estate and Federal estate, State inheritance or other death and succession taxes be paid as soon as reasonably convenient by his Executor out of his residuary estate. (Footnote: Supplemental Pre-Trial Order).

The Plaintiff was appointed independent executor of his estate and in that capacity filed Federal estate tax returns wherein there was claimed a deduction for funeral expenses in the amount of $3,325.40, which amount constituted the entire expenditure for funeral expenses of the decedent. Upon examination of the return, the Internal Revenue Service determined that only one-half of the funeral expenses incurred should be allowed as a deduction. As a result of the foregoing adjustment, there were assessed additional estate taxes and interest against the Plaintiff which were duly paid. Thereafter, the Plaintiff timely filed a claim for refund of estate taxes and interest, totaling $559.25, plus interest, on the ground that the Commissioner of Internal Revenue incorrectly determined that the Plaintiff was not entitled to deduct funeral expenses in full in computing the estate tax due and owing. On March 1, 1966, the District Director disallowed Plaintiff's claim for refund and the present action was timely instituted.

The position taken by the Government regarding funeral expenses and regarding administration expenses, attorneys' fees, and other charges against the estate of a decedent, and their deductibility for Federal estate tax purposes is set forth in Revenue Ruling 66–21, 1966–4 Cum.Bull. 15. An examination of this ruling makes apparent an inconsistency with regard to these expenses. This ruling holds that generally administration expenses pertain-

ing to the community estate are to be charged one-half to the decedent's estate and one-half to the share in the community property of the surviving spouse. The ruling says:

"Expenses which can be specifically allocated to the decedent's share of the community property, such as attorneys' fees incurred in the determination or litigation of estate and inheritance taxes in connection with his share of the property, are fully deductible. Expenses incurred solely in determining estate tax liability are allowable in full to the decedent's estate."

The Government thus recognizes that expenses clearly incurred solely for the benefit of the decedent's share of the community estate are not in any part chargeable to the surviving spouse and are fully deductible by the decedent's estate, regardless of the extent of liability of the entire community estate for such expenses. It appears that this position is entirely inconsistent with the ruling regarding funeral expenses which are also incurred solely for the benefit of the decedent. The funeral expenses are incurred solely by reason of the decedent's death and do not in any way benefit the share of the surviving spouse in the community property.

The position of the Government in this case and as promulgated in Revenue Ruling 66–21, supra, is based primarily on the cases of Norwood v. Farmers & Merchants National Bank of Abilene, 145 S.W.2d 1100 (Tex.Civ.App., no writ hist.), and Goggans v. Simmons, 319 S. W.2d 442 (ref. n. r. e.). In the former case, the Court of Civil Appeals at Eastland, Texas concluded that the administration expenses, as well as the funeral expenses, were chargeable against the community estate of the deceased husband and surviving wife and were deductible from the community estate before partition. The latter case held, in effect, that "funeral expenses of a deceased spouse are primarily chargeable to the community estate."

The taxpayer relies upon Blair v. Stewart, 49 F.2d 257 (5th Cir.). This case has in no way been overruled by any subsequent case in the Fifth Circuit or by the U. S. Supreme Court. The Commissioner, however, is critical of this holding and takes the position that the law of Texas, which is controlling, is contrary to Blair v. Stewart, supra, relying upon the Norwood and Goggans cases, supra.

It is noted that the question of whether funeral expenses are deductible in full was as recently as 1962 resolved in favor of the taxpayer. See United States v. Stapf, 5 Cir., 309 F.2d 592, at page 594. Plaintiff, through an able and thorough analysis of the Texas law, insists that Revenue Ruling 66–21 is based on an erroneous interpretation of Texas law, which is pronounced by the intermediate appellate courts of Texas without the support of and in conflict with the decisions of the more authoritative Texas courts, to-wit, the Commission of Appeals and Supreme Court. This Court follows what is believed to be the Texas law regarding deduction of funeral expenses for estate tax purposes as was determined by the Fifth Circuit in Blair v. Stewart, supra. In that case, Richardson v. McCloskey (Tex.Comm. App.) 276 S.W. 680, was interpreted as holding that where beneficiaries under the deceased husband's will prevailed, thus vesting one-half of the property in question in them and the other half in the wife's estate, the expenses in question should be charged wholly against the decedent's property which was "the estate" with none to be borne by the surviving spouse's one-half. In Blair v. Stewart, supra, the Court said of Goldberg v. Zellner (Tex.Comm.App.) 235 S.W. 870:

"[I]t is not clear whether the Court meant to hold that funeral expenses were chargeable against the entire community estate or only against the decedent's interest therein."

Section 281 of the Probate Code of Texas, V.A.T.S., adopted in 1955 and effective January 1, 1956, uses the words,

"the estate", and it seems clear that this reference is to the estate of the decedent and not the community estate. It is further pointed out that the decisions of the Courts of Civil Appeals of Texas were not dealing with the question of estate tax liability as was Blair v. Stewart, supra.

█ It is therefore the opinion of this Court that the Commissioner has erroneously interpreted Texas law and that the Commissioner erred in disallowing the full amount of the funeral expenses.

Judgment will be entered in favor of the Plaintiff in the amount of $559.25, plus interest from May 24, 1965. This Memorandum Opinion is in lieu of Findings of Fact and Conclusions of Law.