ESTATE OF HUGH C. HUTSON, DECEASED, CLAUDIA HILL HUTSON, EXECUTRIX, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 3719-66. Filed February 20, 1968.

*Ernest R. Mortenson,* for the petitioner.
*Richard L. Fishman* and *Martin R. Simon,* for the respondent.

OPINION

RAUM, *Judge:* The Commissioner determined a deficiency in estate tax of $41,757.68. Two questions are presented for decision: First,

whether the administrative and funeral expenses, debts of the decedent, and mortgages and liens listed on the estate tax return and deducted in full from decedent's gross estate represented in part obligations chargeable to the surviving spouse's share of community property under the law of California and therefore not deductible to that extent; and second, whether the surviving spouse had, under California community property laws, a vested right to one-half the proceeds of a National Service Life Insurance policy issued under the National Service Life Insurance Act of 1940 so that only one-half the proceeds were includable in decedent's gross estate. All the facts have been stipulated.

1. The decedent, Hugh C. Hutson, died testate on November 29, 1961, a resident of California. He left surviving him his wife, Claudia Hill Hutson, a son, and a daughter. The Federal estate tax return, signed by the widow as executrix, was filed with the district director of internal revenue, Los Angeles, Calif. The return listed funeral and administrative expenses aggregating $17,440.82, "Debt of Decedent" aggregating $144,991.92,[1] and "Mortgages and liens" aggregating $94,296.32. Deductions were claimed in full in respect to these items.

Decedent's will contained the following provision:

SECOND : I hereby declare that all my just debts and funeral expenses be paid as soon after my demise as may be lawfully and conveniently done.

Funeral expenses, expenses of administering the estate, debts of the decedent, and mortgages and liens on property included in the gross estate may be taken as deductions from the gross estate under section 2053 (a), I.R.C. 1954,[2] but only if they are "allowable by the laws of the jurisdiction * * * under which the estate is being administered." The Commissioner determined that under the community property laws of California, where decedent resided and where his estate was administered, the one-half interest in community property which passes to the surviving spouse upon her husband's death is chargeable with a proportionate share of her husband's debts, funeral expenses, and the costs of administering his estate. Cal. Prob. Code sec. 202; *In Re Haselbud's Estate*, 26 Cal. App. 2d 375, 382–383, 79 P. 2d 443, 447–448. These

---

[1] The parties have stipulated that this figure should have been $139,531.22 (exclusive of interest on certain income tax obligations).

[2] SEC. 2053. EXPENSES, INDEBTEDNESS, AND TAXES.

(a) GENERAL RULE.—For purposes of the tax imposed by section 2001, the value of the taxable estate shall be determined by deducting from the value of the gross estate such amounts—

    (1) for funeral expenses,

    (2) for administration expenses,

    (3) for claims against the estate, and

    (4) for unpaid mortgages on, or any indebtedness in respect of, property where the value of the decedent's interest therein, undiminished by such mortgage or indebtedness, is included in the value of the gross estate,

as are allowable by the laws of the jurisdiction, whether within or without the United States, under which the estate is being administered.

debts and expenses are ordinarily deducted from the community property before the surviving spouse receives her interest therein, as was explained by the Supreme Court of California in *In Re Coffee's Estate*, 19 Cal. 2d 248, 252–253, 120 P. 2d 661, 664:

the portion of the community property which belongs to the wife is the one-half which remains after the payment of the husband's debts and the expenses of administration apportioned between the community and separate property in accordance with the value thereof, *and this is true even when the husband's share of the community, together with his separate property, is ample to pay those debts and expenses.* [Emphasis added.]

See also *Sieroty* v. *Silver*, 58 Cal. 2d 779, 803–804, 376 P. 2d 563, 566–567. The Commissioner therefore denied a deduction to the estate for the amount of the claimed debts and expenses properly chargeable to the surviving spouse's share of the community property, on the ground that this portion (about one-half of the total debts and expenses) [3] was not an allowable claim against the estate of the decedent under California law. We hold that his action was correct.

In *United States* v. *Stapf*, 375 U.S. 118, 130–134, the Supreme Court held that when State law made the surviving spouse's share of community property liable for a portion of the debts and obligations of the decedent and his estate, no deduction was available to the estate for this portion under the predecessor of section 2053, and this was so notwithstanding a provision in the decedent's will overriding the presumption of State law and directing that all, and not merely part, of his debts and the expenses of administering his estate be paid from his own property. In the instant case, decedent's will ordered that his "just debts and funeral expenses be paid," which could be interpreted as authorizing only the payment of that portion of his debts and obligations of his estate chargeable against his share of the community property in any event under California law. Cf. *In Re Marinos' Estate*, 39 Cal. App. 2d 1, 7–8, 102 P. 2d 443, 446–447. Even assuming, however, that his executrix was authorized to pay all the debts, mortgages and liens, funeral expenses, and administration expenses out of decedent's property alone, this would not entitle the estate to the full deduction, for *Stapf* has characterized such authorizations as bequests to the surviving spouse rather than the payment of debts and expenses of the estate to the extent that under State law such obligations would otherwise have been borne by the surviving spouse's half of the community property. 375 U.S. at 130–131. Thus, to that extent, no deduction may be taken by the estate under section 2053.

---

[3] On brief, the Commissioner has informed us that the amount disallowed was approximately 47 percent of the total claimed by the estate. This figure was arrived at through use of an allocation formula which took into account the percentage of separate property owned by the decedent compared to the community property. Petitioner does not challenge the method of allocation thus used, assuming that it is proper to make any allocation.

Petitioner directs our attention to the fact that the obligations referred to in *Stapf* as being chargeable to the surviving spouse's share of the community property were "community debts" under Texas law; i.e., debts incurred for the material benefit of the community. California does not recognize any concept of "community debts," it is argued, so that all the debts here must have been "personal obligations" of the decedent which are deductible in full under Estate Tax Regs., sec. 20.2053–4. This argument misconceives the holding of *Stapf*, which respondent has accurately interpreted as depending "not on the semantical characterization of the obligation but upon the ultimate source out of which such obligation will [under State law] be extinguished." It may be true that California does not recognize the concept of "community debts," but this is of no consequence here because, in California, the liability of community property is not limited to such debts, but is subject to *all* the debts of the husband incurred during marriage. See *Harley* v. *Whitmore*, 242 Cal. App. 2d 461, 471, 51 Cal. Rptr. 468, 475. See also *Grolemund* v. *Cafferata*, 17 Cal. 2d 679, 688, 111 P. 2d 641, 645–646.

Petitioner next attempts to avoid the impact of *Stapf*, at least in part, by relying on the recent Federal District Court case of *Collins* v. *United States*, 266 F. Supp. 881 (N.D. Tex.) for the proposition that funeral expenses, unlike other obligations, must be borne in full by the husband's property in California and therefore may be deducted in full from decedent's gross estate. Although *Collins*, a Federal estate tax case, did allow full deduction for funeral expenses, it did so in reliance upon Texas law, which it interpreted as imposing the obligation solely upon assets of the decedent. But Texas law is not controlling here, and petitioner has cited no California case which differentiates funeral expenses in this manner from the other obligations of the estate.[4] While the matter may not be entirely free from doubt, we think that the broad liability imposed on the wife's share of community property in California for the debts of her husband and the expenses of administering the estate includes liability for one-half of her husband's funeral expenses. Cf. *Odone* v. *Marzocchi*, 34 Cal. 2d 431, 439–440, 211 P. 2d 297, 301–302.

2. The Commissioner also included in decedent's estate the full amount ($10,000) of insurance proceeds from a National Service Life Insurance policy issued under the National Life Insurance Act of 1940. In *Wissner* v. *Wissner*, 338 U.S. 655, 658, the Supreme Court stated

---

[4] In fact, *Collins* itself conflicts with decisions of intermediate Texas State courts, which have held that funeral expenses, like administrative expenses, are chargeable against the entire community estate, before partition. *Norwood* v. *Farmers & Merchants National Bank of Abilene*, 145 S.W. 2d 1100, 1103, *Goggans* v. *Simmons*, 319 S.W. 2d 442, 446; see also Rev. Rul. 66–21, 1966–1 C.B. 219.

that this Act was "the Congressional mode of affording a uniform and comprehensive system of life insurance for members and veterans of the armed forces of the United States," and held that the proceeds of policies issued under the Act belong only to the beneficiary designated by the insured regardless of where he lives, and are not subject to the community property laws of any State. Since the parties do not dispute that decedent possessed the requisite incidents of ownership for inclusion of the value of the policy under section 2042, I.R.C. 1954, but differ only as to the amount includable, we hold that under *Wissner* v. *Wissner* the proceeds were the separate property of the decedent, and are includable in full in his gross estate. Rev. Rul. 56–603, 1956–2 C.B. 601.

*Decision will be entered under Rule 50.*