**UNITED STATES of America, Appellant,**

v.

**Whitfield J. COLLINS, Independent Executor of the Estate of Gillis A. Johnson, Appellee.**

**No. 25108.**

United States Court of Appeals Fifth Circuit.

Aug. 9, 1968.

Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson, Harry Marselli, Robert N. Anderson, Robert J. Campbell, Attys., Dept. of Justice, Washington, D. C., for appellant, Melvin M. Diggs, U. S. Atty., Fort Worth, Tex., of counsel.

Allan Howeth, Cantey, Hanger, Gooch, Cravens & Scarborough, Whitfield J. Collins, Fort Worth, Tex., for appellee.

Before THORNBERRY and SIMP-SON, Circuit Judges, and ATKINS, District Judge.

THORNBERRY, Circuit Judge:

This appeal is from a judgment in favor of Appellee, Whitfield J. Col-

lins, executor of the estate of Gillis A. Johnson for a refund of estate tax in the amount of $559.25, plus interest. This tax resulted from the Commissioner's disallowance of a deduction for the entire amount of funeral expenses of the decedent, and his allowance of a deduction for only one-half of these expenses. We hold that only one-half of the funeral expenses attributable to a community estate in Texas can be deducted from the gross estate of the decedent since under the applicable Texas law only one-half of the funeral expenses are chargeable to the decedent's share of the community estate. We therefore reverse the judgment of the court below.

Gillis A. Johnson died testate as a resident of Texas on September 19, 1962, and Appellee, Whitfield J. Collins, was appointed independent executor of Mr. Johnson's estate. Appellee filed an estate tax return and claimed a deduction for the full amount of the decedent's funeral expenses, $3,325.40. The Commissioner determined that only one-half of the funeral expenses incurred with respect to a Texas decedent was deductible for estate tax purposes and asserted an estate tax deficiency in the amount of $559.25. Appellee paid the deficiency and timely filed a refund claim on December 23, 1965. The Commissioner disallowed the refund claim on March 1, 1966, and appellee filed suit. The district court, sitting without a jury, rendered judgment for taxpayer.

Section 2053(a) of the Internal Revenue Code of 1954[1] permits a deduction for funeral expenses from the gross estate to the extent that these expenses are chargeable to the decedent's estate by state law. In Blair v. Stewart, 5th Cir.1931, 49 F.2d 257, cert. denied, 284 U.S. 658, 52 S.Ct. 36, 76 L.Ed. 558, this Court interpreted Texas law to permit a deduction in full for a decedent's funeral

---

1. Int.Rev.Code of 1954, § 2053(a):
   For purposes of tax imposed by section 2001, the value of the taxable estate shall be determined by deducting from the value of the gross estate such amounts—

   (1) for funeral expenses * * * as are allowable by the laws of the jurisdiction, whether within or without the United States, under which the estate is being administered.

expenses. This case has not been overruled, and therefore, the disposition of the instant case revolves around the continued viability of this interpretation of Texas law.

The decision in Blair v. Stewart was based on three Texas cases: Richardson v. McCloskey, 276 S.W. 680 (Tex.Com. App.1925, holding approved); Goldberg v. Zellner, 235 S.W. 870 (Tex.Com.App. 1921, jdgmt. adopted); Gilroy v. Richards, 26 Tex.Civ.App. 355, 63 S.W. 664 (1901, no writ). In Goldberg v. Zellner and Gilroy v. Richards, the court held that the community property, rather than separate property, was primarily bound for funeral expenses. The court did not decide whether all or only one-half of the funeral expenses were chargeable to the decedent's one-half of the community property. In Goldberg v. Zellner, however, the court stated in dictum that if the funeral expenses were paid directly to the creditors in discharge of their claims, those claims would be a proper charge against the decedent's share of the community estate. In Richardson v. McCloskey, no separate property was involved, and the court held that funeral expenses should be allowed and "charged against the estate." In Blair v. Stewart, this Court interpreted the phrase "charged against the estate" to refer to the decedent's share of the community property, and consequently held that funeral expenses were attributable entirely to the decedent's share of the community estate.

This interpretation of Texas law, however, has been changed by Norwood v. Farmers & Merchants Nat. Bank, 145 S.W.2d 1100 (Tex.Civ.App.—Eastland 1940, writ ref'd). In this case the surviving spouse complained of the administrator's charge of the funeral expenses against the entire community property, rather than against the decedent's one-half share of the community property. The court held that funeral expenses were a charge against the entire community estate of the surviving spouse and the decedent and thus were deductible one-half from each share of the community estate.

■ Although the decision in *Norwood* is by an intermediate appellate court, the writ of error was refused by the Texas Supreme Court. Under Texas law the notation *writ refused* denotes that the supreme court agrees with the holding and the reasoning of the court of civil appeals, and thus is tantamount to a decision by the supreme court.[2] Hamilton v. Empire Gas & Fuel Co., 1937, 134 Tex. 377, 383, 110 S.W.2d 561, 565; Tex.R.Civ.P. 483. Since *Norwood* is the latest authoritative interpretation of the Texas law, we are bound to apply it in the instant case and hold that funeral expenses are chargeable to both the surviving spouse's and the decedent's shares of the community estate.

The decision in the instant case will be limited to those cases arising prior to May 27, 1967. After this date section 320A of the Texas Probate Code V.A.T. S.[3] becomes effective. This section provides that funeral expenses shall be charged entirely to the decedent's one-half share of the community estate, and no part shall be charged to the community share of the surviving spouse. Section 2 of the Act amending the Probate Code states: "The need to equate deductions from the Federal Estate Tax for residents of Texas with the deductions that are now permitted to citizens of other states creates an emergency." Tex.Laws 1967, ch. 321, 2, at 768. This section indicates that prior to the enact-

2. The district judge apparently did not consider *Norwood* controlling because he was under the mistaken impression that there was no writ history on the case.

3. Tex.Prob.Code Ann. § 320A (Supp. 1967):
   When executors, independent executors, and administrators pay claims for fu-

   neral expenses and for items incident thereto, such as tombstones, grave markers, crypts or burial plots, they shall charge the whole of such claims to the decedent's estate and shall charge no part thereof to the community share of a surviving spouse.

ment of this statute Texas law permitted only one-half of the funeral expenses to be deducted from the decedent's share of the community property. Since decedent died prior to this amendment and after the *Norwood* decision, we hold that only one-half of the funeral expenses can be deducted from the decedent's gross estate for estate tax purposes, and therefore the judgment of the court below is reversed.