Viola PFEIFFER, Executrix of the Estate
of Fred M. Pfeiffer, Plaintiff,

v.

UNITED STATES of America,
Defendant.

Civ. No. S–448.

United States District Court,
E. D. California.

March 18, 1969.

Alvin R. Wohl, Sacramento, Cal., for plaintiff.

Barbara Ashley Phillips, Special Asst. U. S. Atty., San Francisco, Cal., for defendant.

## MEMORANDUM AND ORDER

HALBERT, District Judge.

This is an action for refund of estate taxes, penalty and interest on behalf of the estate of Fred M. Pfeiffer, by Viola Pfeiffer, as executrix. Jurisdiction is proper under Title 26 U.S.C. § 7422. Both parties have moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

Three distinct questions are presented for consideration by the Court:

1) May funeral expenses and costs of administration be deducted in their entirety from the deceased husband's half of the community property for the purpose of computing the estate tax?

2) Is the statutory obligation imposed on the estate by § 205 of the California Civil Code in favor of the State Department of Mental Hygiene for the future care of deceased's daughter in a state mental institution a deductible "claim against the estate" under § 2053(a) (3) of the Internal Revenue Code?,[1] and

3) Was the failure of the executrix to timely file the estate tax return due to "reasonable cause" sufficient to escape the penalty contemplated by

§ 6651(a) of the Internal Revenue Code?

Section 2053(a) of the Internal Revenue Code provides, in part, for deductions from the estate for administration expenses and funeral expenses " * * * as are allowable by the laws of the jurisdiction * * * under which the estate is being administered." Accordingly, the laws of California will be determinative of the amounts actually charged against the estate of the deceased as administrative and funeral expenses, and those amounts, in turn, will be determinative of the allowable deductions.

■ It is clear, to the point of being indisputable, that under the applicable California law the debts of the husband and the costs of administering his estate are chargeable against the *entire* community property (Estate of Phillips, 123 Cal.App.2d 570, 573, 266 P.2d 954; California Probate Code, § 202; Estate of Marinos, 39 Cal.App.2d 1, 7, 102 P.2d 443; and see, Estate of Coffee, 19 Cal.2d 248, 120 P.2d 661).

An absence of specific authority on the point leaves for this Court's determination whether or not the entire community property is liable for the funeral expenses of the deceased husband. It is, however, implicit in the tenor of a number of California decisions that the liability apportionable to the wife's half of the community property for the debts of the husband and expenses of administering his estate *includes* liability for funeral expenses.[2] (Accord: Estate of Hutson v. Commissioner, 49 T.C. 495 [1968]).

Section 951.1 of the California Probate Code provides that:

"Funeral expenses and expenses of last illness shall be deemed debts primarily payable out of the *estate of the deceased spouse*, whether or not the surviving spouse is financially able to pay such expenses and whether or not

---

1. The Government apparently allowed a portion of the amount claimed as a deduction here, and has counterclaimed for taxes on that portion.

2. See, e. g.: Odone v. Marzocchi, 34 Cal. 2d 431, 439–440, 211 P.2d 297, 212 P.2d 233, 17 A.L.R.2d 1109.

the surviving spouse or any other person is also liable therefor." (Emphasis added)

Plaintiff argues that the statute is intended to provide for payment of the funeral expenses solely from the deceased spouse's one-half of the community fund. This conclusion hinges on plaintiff's construction of the term "estate of the deceased spouse" so as to exclude therefrom the share of the community belonging to the surviving spouse. This construction is not in accord with California law.

■■ In Estate of Phillips, 123 Cal. App.2d 570, 266 P.2d 954, the California Appellate Court stated at page 573, 266 P.2d at page 956:

"The wife's one-half of the community property is by the statutes made subject to administration * * *. Being subject to administration, and necessarily to be handled and accounted for by the executor of the husband's estate it should naturally be considered a *part of the estate* being administered insofar as fixing and paying all costs of administration is concerned." (Emphasis added)

The wife's one-half of the community is not even computed until *after* the deduction from the gross estate of the debts of the deceased husband *and* funeral expenses, *as well as* costs of administration (See: Estate of Coffee, 19 Cal.2d 248, 120 P.2d 661). It follows, therefore, from the reasoning in *Phillips, supra,* that the *entire* community property must be considered part of the estate for the purpose of fixing and paying all of these obligations.[3] Section 951.1 of the California Probate Code, admittedly, was enacted after the decision in Estate of Phillips, *supra,* however, *Phillips* has since been specifically reaffirmed (See: Estate of Algee, 158 Cal.App.2d 691, 697, 323 P.2d 221; and see, Goldberg v. Goldberg, 217 Cal.App.2d 623, 629, 32 Cal.Rptr. 93, citing *Phillips* and *Algee*).

■ In addition, it seems clear that § 951.1 was intended, as argued here by defendant, merely to relieve the surviving spouse of *sole* responsibility for payment of the expenses of the last illness and funeral expenses of the deceased spouse (See: 32 S.Bar J. 586; and Estate of Dennis, 110 Cal.App.2d 667, 243 P.2d 579).

■ Since the Probate Court, despite the objections of Mrs. Pfeiffer, properly charged the entire community property with liability for funeral expenses and costs of administration, the total amount cannot be allowed as a deduction under § 2053(a) of the Internal Revenue Code (See: United States v. Stapf, 375 U.S. 118, 84 S.Ct. 248, 11 L.Ed.2d 195).[4] Only that portion of those expenses and costs charged directly against the husband's share of the community property (there was no separate property in the estate) may be deducted. In short, one-half of the funeral expenses and one-half of the costs of administration must be allowed under § 2053(a) (1) and (2). Summary judgment will be granted to defendant on this issue insofar as it is consistent with this opinion.

3. Plaintiff has also alleged that a provision in the will directing the executrix to "pay all of my just debts and liabilities and funeral expenses" as soon as she had sufficient funds in her possession should be construed so as to relieve the wife's share of the community of liability for these obligations. Even if the Court chose to so construe the provision, it is evident from the broad doctrinal statements of United States v. Stapf, 375 U.S. 118, 84 S.Ct. 248, 11 L.Ed.2d 195, that it could not be given effect.

4. Plaintiff argues that *Stapf* does not apply to this case, since it involved Texas law. It is the view of this Court that *Stapf* was intended to apply to *all* community property states, and that the language is sufficiently broad to clearly evidence that intention. Reliance upon *Stapf* is not essential to this decision, however, since the husband's share of the community property (the gross estate for estate tax purposes) was not "subject to claims" for the portion of the obligations in question which had already been charged against the wife's share of the community (See: Estate Tax Regulations § 20.2053–1).

It is the view of this Court that the other two questions noted above cannot be resolved on the present record, but must be litigated in order to avoid undue prejudice to one or the other or both of the parties. Summary judgment will therefore be denied as to each of the parties on these two issues.

Plaintiff will prepare a formal order on the summary judgment motions of the parties and lodge it with the Clerk of the Court.

It is so ordered.