Harley L. MOSER, Appellant,

v.

Joel NORRED, Appellee.

No. 09–86–035 CV.

Court of Appeals of Texas,
Beaumont.

Nov. 20, 1986.

Rehearing Denied Dec. 11, 1986.

Karl E. Kraft, Spring, for appellant.

Patrice McDonald, McDonald, Rudebusch, Spielvogel & Spielvogel, The Woodlands, for appellee.

---

**1.** For trials after September 1, 1986, *TEX.R. CRIM.EVID. 902(10)(a),* mandates a 14–day pre- trial filing.

## OPINION

DIES, Chief Justice.

On January 15, 1986, in the County Court at Law No. 2 of Montgomery County, Joel Norred filed for appointment as temporary administrator, and for the issuance of letters of temporary administration of the estate of Martile "Bobbie" Moser, deceased (who died December 21, 1985, in Harris County, Texas). Norred was a nephew of the deceased.

Norred, applicant, alleged: "The interest of Decedent's estate requires immediate appointment of a personal representative because applicant [Norred] anticipates a contest relative to the probate of the will." A copy of decedent's "will" was attached to the application.

On the 15th day of January, 1986, the judge signed an order appointing Norred temporary administrator "for a period of sixty (60) days from the date of entry of this Order, or it shall be made permanent prior to the expiration of said sixty (60) days, if found by the Court to be necessary; ..."

Harley L. Moser, the surviving spouse of the deceased, on January 20, 1986, filed a "Contest of Appointment of Temporary Administrator, and, Alternatively, Application for Appointment of Temporary Administrator [himself] in Lieu of Present Representative."

On the 20th day of February, 1986, the court entered an order declaring, inter alia,
"[T]here is presently pending before this Court a contest relative to the Probate of a Will; That the interest of this Estate requires the continued appointment of a personal representative; That, as the present Temporary Administrator, Joel Norred, is the applicant in the Application for Probate With Will Annexed filed with this Court under Cause No. 10,352; That Letters of Temporary Administration should be granted to a disinterested third-party attorney-at-law who would be a suitable temporary representative and who is not disqualified from acting as such;

"It is Ordered that Joel Norred be and is hereby discharged of his duties and obligations as Temporary Administrator. . . .

"It is Ordered that Stephen W. McClain, Attorney-at-Law ... [of] Conroe, Montgomery County, Texas, shall be substituted as Temporary Administrator. . . ."

Harley L. Moser, in the "Statement of the Case" in his brief, appeals to this court "from an Order signed by the Judge ... on February 20, 1986, denying Appellant's Contest of the temporary administration ordered on January 15, 1986, and Appellant's prayer that such administration be closed in accordance with law."

Appellant's points of error are listed below in a footnote.[1]

---

1. *First Point.* "The Trial Court abused its discretion in granting Appellee's Application for Temporary Administration, predicated on an instrument asserted by Appellee to be the handwritten will of Martile 'Bobbie' Moser in which he is a purported beneficiary, since such instrument is devoid of testamentary intent in that it shows no intention by the Decedent to create a revocable disposition of her property to take effect after her death and, as a matter of law, cannot be admitted to probate as a valid holographic will."

   *Second Point.* "The Trial Court abused its discretion in refusing to consider whether or not the instrument asserted by Appellee to be the handwritten will of Martile 'Bobbie' Moser, and the predicate for his Application for Temporary Administration, complied with the basic requirement of testamentary intent for a probat-

able holographic will under Texas law to reach its decision on Appellant's contest of the appointment of a temporary administrator, since under the undisputed evidence, unless such instrument is subject to being probated, Appellee cannot be a person interested in the estate of Martile 'Bobbie' Moser, as defined in Section 3(r) of the Probate Code, but can only be a mere intermeddler."

   *Third Point.* "The Trial Court abused its discretion in denying Appellant's contest of the temporary administration predicated on an instrument asserted by Appellee to be the handwritten will of Martile 'Bobbie' Moser in which he is a purported beneficiary, which instrument is devoid of testamentary intent in that it shows no intention by the Decedent to create a revocable disposition of her property to take effect after her death, since the evidence is undisputed (a) that Martile 'Bobbie' Moser died without

It can be seen that appellant's entire argument in contest to this temporary administration is his contention the will is not legally enforceable and, therefore, his client, the decedent's husband, should inherit all the estate without the necessity of an administration. Remarks by the trial judge, and his last order quoted herein, show that there exists another lawsuit, the purpose of which is to determine that fact, viz, whether the writing referred to constantly by appellant meets Texas requirements for an enforceable will. The trial court made this quite emphatic in his remarks to counsel.

*TEX.PROB.CODE ANN. sec. 131* (Vernon Supp.1986), in pertinent part, provides:

"(a) Necessity of Appointment. Whenever it appears to the county judge that the interest of a decedent's estate ... requires immediate appointment of a personal representative, he shall, by written order, appoint a suitable temporary representative...."

The judge's power to make this decision is quite extensive. See the many citations in *TEX.PROB.CODE ANN. sec. 131* (Vernon 1980) Notes of Decisions, and a will contest renders the appointment of a temporary administrator proper and necessary. *Norwood v. Farmers & Merchants Nat. Bank,* 145 S.W.2d 1100 (Tex.Civ.App.—Eastland 1940, writ ref'd).

All of appellant's points of error are overruled, and the order of the trial court is affirmed.

descendants, natural or adopted, surviving; (b) that Appellant is the surviving spouse of Martile 'Bobbie' Moser; and (c) that the estate of Martile 'Bobbie' Moser consists solely of community property acquired during her marriage to Appellant, which undisputed facts establish Appellant to be the owner of the community estate of him and his deceased wife and no administration to be necessary, pursuant to sec. 45 and sec. 155 of the Texas Probate Code."

*Fourth Point.* "The Trial Court abused its discretion in denying Appellant's contest of the temporary administration predicated on an instrument asserted by Appellee to be the handwritten will of Martile 'Bobbie' Moser, in which he is a purported beneficiary, and which is devoid of testamentary intent in that it shows no intention by the Decedent to create a revocable disposition of her property to take effect after her death so as to be probatable as a holographic will, on the ground that sec. 132 of the Probate Code authorizes the appointment of a temporary administrator pending a will contest since, for lack of necessary testamentary intent evidenced by the said instrument, there is, in fact, no probatable will to be made the subject of a contest."